[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2006
THOMAS K. KAHN
CLERK

No. 06-10302
Non-Argument Calendar

_____

D. C. Docket No. 05-00099-CR-3-009-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY STEAN WILLIAMS,
a.k.a. Perry Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 13, 2006)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Perry Stean Williams appeals his mandatory life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846. On appeal, Williams argues that the district court erred by applying the mandatory minimum term of life imprisonment under § 841(b)(1)(A)(ii). For the reasons set forth more fully below, we affirm.[1]

Williams and 15 codefendants were indicted for conspiring, from on or about July 1, 2002 through September 22, 2005, the date the indictment was returned, to distribute and possess with intent to distribute 3,4-Methylenedioxy-methamphetamine ("MDMA" or "Ecstacy") and five kilograms or more of cocaine. On September 28, 2005, Williams pled guilty to the sole count of the indictment. According to the Presentence Investigation Report ("PSI"), Williams was a mid-level distributor of cocaine. He admitted to personally distributing seven kilograms of cocaine and he and a second co-conspirator expected to receive two kilograms of a four kilogram load of cocaine, which was seized by law enforcement on September 7, 2005. The probation officer held Williams accountable for nine kilograms of cocaine.

---

[1] Because we affirm Williams's statutory minimum term of life imprisonment, we do not reach Williams's argument that the district court erred by sentencing him as a career offender under the Sentencing Guidelines. United States v. Rice, 43 F.3d 601, 608 (11th Cir. 1995).

The government sought to invoke the increased penalty provisions of § 841(b)(1)(A) against Williams based on a 1989 Florida state felony drug conviction and a June 28, 2005 Florida state felony conviction for possession of cocaine. The probation officer concluded that the 2005 conviction was related to the instant offense. Based on these convictions, the probation officer found that Williams was subject to a mandatory minimum term of life imprisonment. The district court imposed the mandatory sentence of life imprisonment. The court rejected Williams's argument that there must be a five-kilogram transaction following the prior conviction in order for the sentencing enhancement to apply, concluding that "just a continuation of the conspiracy which comes under that section" was sufficient.

On appeal, Williams argues that, in order to be subject to mandatory minimum term of life imprisonment under § 841(b)(1)(A)(ii)(II), he had to be involved in a transaction involving five or more kilograms of cocaine after his second prior conviction became final. He contends that the mandatory life sentence was erroneously imposed because, after his June 28, 2005 conviction became final, he was not involved in a violation of § 841(a) involving five or more kilograms of cocaine and, at most, conspired to possess with intent to distribute two kilograms of cocaine. Alternatively, Williams argues that there was

insufficient time and criminal conduct between his state conviction and federal arrest to warrant the use of the state conviction for enhancement purposes. He notes that slightly more than two months elapsed between his conviction and the end of the conspiracy and the extent of his involvement after his conviction was telephone conversations concerning possessing with intent to distribute cocaine.

We review Williams's preserved argument regarding the interpretation and application of § 841(b)(1)(A) de novo. See United States v. Walker, 228 F.3d 1276, 1277 (11th Cir. 2000). Williams did not object before the district court on the ground that his second prior conviction could not be used for enhancement purposes due to insufficient time and criminal conduct. Accordingly, we review this argument for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation marks omitted). In order for an error to be plain, it must be obvious or clear under current law. United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000). "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no

4

plain error in regard to that issue." Id. (citation and quotation marks omitted).

Distribution and possession with intent to distribute a controlled substance are among the acts prohibited by § 841(a). 21 U.S.C. § 841(a). Conspiring to commit these offenses subjects the offender to "the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." Id. § 846. If the violation of § 841 involves five kilograms or more of cocaine, the minimum mandatory term of imprisonment is ten years. Id. § 841(b)(1)(A). The mandatory minimum increases to 20 years' imprisonment "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final." Id. Finally, "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." Id.

The essence of Williams's first argument is that, in order to commit "a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final," he must have been involved in transactions totaling five kilograms or more of cocaine after his second prior conviction became final. While we have not considered this issue, we find the reasoning of the Sixth Circuit, which rejected Williams's position, persuasive. The Sixth Circuit

5

reasoned as follows:

> Walker has urged that any cocaine sold prior to the time both convictions became final should not be included in the calculation of the total amount sold, and that therefore, he was not responsible for selling 50 grams, and the statutory sentence has not been triggered. There is no question that this reasoning has a certain appeal, as a plausible means to avoid what is a Draconian sentence. But to follow this route would be to ignore the logic of a conspiracy charge. While it is true that the conspiracy came into existence before the second conviction was final, it is also indisputably true that Walker continued to be involved in the conspiracy after both prior convictions were final. Thus, "he 'committed' the crime of conspiracy throughout the duration of the conspiracy." And therefore, it must be said that Walker committed the crime of conspiracy after he had two final felony drug-offense convictions.
>
> Walker's argument would require that we give unwarranted legal significance to the date of each overt act. But Walker was not charged with four discrete violations of the drug laws, one for each sale. He was charged with a single, ongoing conspiracy. He committed the conspiracy every day over the life of the agreement, and the timing of each separate overt act is not controlling. We conclude, therefore, that Walker committed a violation of 21 U.S.C. § 846 at a time that he had two prior final convictions. We also conclude that the violation involved more than 50 grams of cocaine base. Therefore, the district court properly applied the statutory sentence mandated by 21 U.S.C. § 841(b)(1)(A).

United States v. Walker, 160 F.3d 1078, 1093 (6th Cir. 1998) (citation omitted).

The nature of a conspiracy provides further support for our holding. "The gist of the crime of conspiracy as defined by the statute is the agreement or confederation of the conspirators to commit one or more unlawful acts . . . . A conspiracy is not the commission of the crime which it contemplates . . . ."

6

Braverman v. United States, 317 U.S. 49, 53-54, 63 S.Ct. 99, 101-02, 87 L.Ed. 23 (1942); see also Iannelli v. United States, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act.").

Like Walker, Williams was charged with a single ongoing conspiracy, and this conspiracy involved five kilograms or more of cocaine. We agree with the Sixth Circuit that the mandatory minimum term of life imprisonment is triggered by Williams's continued participation in the conspiracy and not by the amount of cocaine he conspired to distribute and possess with intent to distribute after his second prior conviction became final. Accordingly, Williams's continued participation in a single conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine after his second prior conviction became final triggered the mandatory minimum term of life imprisonment under § 841(b)(1)(A)(ii).

We now turn to Williams's alternative argument that his June 2005 conviction could not be used for enhancement purposes. Williams's June 28, 2005 conviction became final on July 28, 2005, when the 30-day period to appeal that conviction expired. See Hagins v. United States, 267 F.3d 1202, 1208 (11th Cir. 2001); Fla.R.App.P. 9.140(a), (b). Williams expected to receive two kilograms of

7

a four kilogram load of cocaine, which was seized by law enforcement on September 7, 2005. At sentencing, Williams admitted that he had phone conversations with a co-conspirator about another transaction shortly before their arrests and agreed that the expected delivery was interrupted only because of an arrest.

If there was an error in counting his June 28, 2005 conviction as a prior conviction under § 841(b)(1)(A), Williams cannot establish that it was plain. The test as to whether to use a prior conviction to enhance a sentence under § 841(b)(1)(A) is not mere passage of time; rather "the focus of the inquiry is on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began." Hagins, 267 F.3d at 1208 (citation and quotation marks omitted). Although less than two months elapsed between the time Williams's prior conviction became final and his arrest on September 20, 2005, the focus of the inquiry is on the degree of criminal activity following the prior conviction's finality. Id. Furthermore, we have not set a minimum time limit, see id.; United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995), and the Fourth Circuit allowed the use of a prior conviction occurring a little over one month before the defendant's arrest on the federal conspiracy charge, United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997). We have

8

not explained the degree of criminal activity required in order to use a prior conviction for sentence enhancement purposes. See Hagins, 267 F.3d at 1208; Hansley, 54 F.3d at 717. Moreover, the Second Circuit, using the same test, simply requires that "[a] defendant's sentence must therefore be enhanced if there is 'continued involvement' in criminality subsequent to the prior conviction." United States v. Martino, 294 F.3d 346, 351 (2d Cir. 2002). Thus, "the government must demonstrate that a defendant had a meaningful opportunity to refrain from criminal activity and instead engaged in criminality anew." Id. Accordingly, Williams cannot show that his attempt to obtain two kilograms of cocaine, which was prevented by the actions of law enforcement officers, was clearly or obviously an insufficient degree of criminal activity so as to preclude the use of his second prior conviction for enhancement purposes.

In light of the foregoing, Williams's sentence is

**AFFIRMED.**