[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13894
Non-Argument Calendar

_____

D. C. Docket No. 05-00399-CR-BBM-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO MUNGUIA-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 6, 2008)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gustavo Munguia-Ramirez appeals his conviction for conspiracy to possess

with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. Conceding that his Rule 11 plea colloquy was error-free, he nevertheless argues that his guilty plea and appeal waiver were not knowing and voluntary because his counsel underestimated the final sentence prior to his guilty plea and surrounding circumstances caused him to depend on that estimate. We AFFIRM.

## I. BACKGROUND

Munguia-Ramirez, a native and citizen of Mexico who is illegally present in the United States, was indicted for: (1) conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count 1); and (2) possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and 18 U.S.C. § 2 (Count 2). Munguia-Ramirez agreed to plead guilty to Count 1, and the government agreed to dismiss count 2, pursuant to a plea agreement.

The plea agreement stated that Munguia-Ramirez would be subject to a mandatory minimum prison term of ten years and maximum term of life in prison. It also explained that the exact sentence to be imposed could not be predicted at the time of the plea colloquy and that the court would consult the Sentencing

2

Guidelines and other factors in arriving at a sentence. The agreement stated that the district court had the discretion to sentence Munguia-Ramirez up to the statutory maximum of life in prison. The agreement also contained a waiver provision whereby Munguia-Ramirez waived the right to appeal his conviction or sentence, or to collaterally attack his sentence, unless the sentence constituted an upward departure from the guidelines range or the government first appealed the sentence. Munguia-Ramirez acknowledged his understanding of these provisions by signing the agreement.

Munguia-Ramirez appeared at the Rule 11 plea hearing with counsel and aided by an interpreter, although his primary counsel was not present. He acknowledged, under oath, that he had reviewed the plea agreement with his counsel, that he understood it, and that he had signed it. He stated that he had a high school education and, although he did not speak English, he communicated with his counsel through an interpreter. He stated that he understood that the statutory sentencing range was ten years to life in prison and that he was waiving the right to appeal his sentence or conviction, directly or on collateral attack; and confirmed that he had talked to counsel about the appeal waiver and understood it.

When asked whether anyone had promised him anything outside of the agreement or whether anybody had made a promise regarding his specific

3

sentence, Munguia-Ramirez said "no." R4 at 11. His counsel and the prosecutor also stated that they had not made any promises regarding his sentence. The court explained that the Guidelines range was then unknown because it would be based on the probation officer's subsequent report, and Munguia-Ramirez stated that he understood. He acknowledged that he knew the court was not bound by the Guidelines range. He also stated that he understood that, if his sentence turned out to be more severe than what he and his primary counsel had discussed, he would still be bound by his guilty plea. Following this plea colloquy, in accepting his plea, the court found that Munguia-Ramirez was pleading guilty voluntarily and with full knowledge and understanding of the charge against him and the consequences of his plea.

At the sentencing hearing, the court agreed to certain reductions in Munguia-Ramirez's offense level, including the safety-valve reduction, pursuant to U.S.S.G. § 5C1.2 (2005), which allowed for a sentence below the mandatory minimum of ten years. Counsel for Munguia-Ramirez also argued for a reduction in his sentence based on his cooperation with authorities in the face of threats to him and his wife by others involved in the drug conspiracy. The court arrived at an offense level of 28, reduced from the base offense level of 36, and a criminal history category of I, which resulted in a guidelines range of 78-97 months of

4

imprisonment. The court imposed a low-end, within-range sentence of 78 months and a five-year term of supervised release. The court also noted that Munguia-Ramirez was not a United States citizen, and would likely be deported upon his release.

The court entered judgment on the 78-month sentence on 5 May 2006, and neither Munguia-Ramirez nor the government immediately sought to appeal. Several months later, however, Munguia-Ramirez filed a pro se motion to vacate, under 28 U.S.C. § 2255, wherein he challenged his conviction on four different grounds: (1) his guilty plea was not knowing and voluntary because his attorney had him sign the sentencing papers after telling him his sentence would be 60 months or less; (2) his conviction resulted from evidence seized from an unlawful search and arrest; (3) he was denied effective assistance of counsel because his attorney had lied to him and had him sign the plea agreement papers; and (4) he was denied the right to appeal because his attorney had not responded to his question about an appeal and had never come to see him after sentencing.

In its response, the government acknowledged that Munguia-Ramirez might be entitled to an out-of-time appeal if he had requested an appeal and his attorney had failed to file one, or if his attorney had failed to consult with him regarding an appeal. The government argued that his other claims should fail.

In August 2007, the district court found that Munguia-Ramirez should be entitled to an evidentiary hearing as to whether he had been denied his right to appeal, but it also found that such a hearing was unnecessary because the government would be unable to establish the facts necessary to prevail because of the time elapsed since his sentencing. Therefore, the court gave Munguia-Ramirez an opportunity to appeal by vacating the May 2006 judgment, then reimposing the judgment and ordering the clerk to file a notice of appeal on his behalf. Accordingly, the court re-entered judgment against Munguia-Ramirez on 21 August 2007, and he timely appealed the judgment that same day, with appointed counsel later entering an appearance on his behalf.

## II. DISCUSSION

We review the validity of a guilty plea and the corresponding appeal waiver for plain error when a defendant has failed to object at the district court level. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Under the plain error standard, "there must be (1) an error, (2) that is plain, and (3) that affects substantial rights." United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006) (per curiam). If those conditions are met, we will "notice the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation and citation omitted). In order to demonstrate that an

6

error during the plea colloquy affected substantial rights, the defendant

> must show a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding.

United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

A defendant's guilty plea must be knowing and voluntary in order to be constitutionally valid. United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). Rule 11 of the Federal Rules of Criminal Procedure imposes plea procedure requirements on the district court primarily to "avoid the danger of an involuntary guilty plea coerced by judicial intervention." See United States v. Diaz, 138 F.3d 1359, 1363 (11th Cir. 1998). We consider three core principles to determine whether a guilty plea was voluntary: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." Mosley, 173 F.3d at 1322 (citation omitted).

Because an appeal waiver is one of the consequences of a guilty plea, the waiver must also be knowing and voluntary. See United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005) (per curiam); United States v. Bushert, 997 F.2d

1343, 1350-51 (11th Cir. 1993). "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have specifically discussed the sentence appeal waiver with the defendant during the Rule 11 hearing." Bushert, 997 F.2d at 1351; see also Fed. R. Crim. P. 11(b)(1)(N) (requiring the court to inform the defendant of, and make sure the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" before accepting a guilty plea).

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). However, a defendant's guilty plea is not knowing and voluntary if he pled guilty on the advice of counsel and that counsel rendered ineffective assistance because his advice was outside of "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369 (1985). Nevertheless, we do not consider claims of ineffective assistance of counsel raised on direct appeal, unless the record is sufficiently developed, because such claims are more properly considered pursuant to 28 U.S.C. § 2255 motions. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002); see also Massaro v. United States, 538 U.S. 500, 504-05, 123 S. Ct.

1690, 1694 (2003).

The record demonstrates that Munguia-Ramirez's guilty plea and appeal waiver were valid. His sworn statements at the Rule 11 plea hearing and in the signed plea agreement conclusively indicate that he understood (1) the possible range for his sentence and (2) that he could not withdraw his plea even if the sentence ultimately imposed was more severe than what he had discussed with his counsel. He also confirmed that he was not relying on any outside promise in pleading guilty. The plea colloquy and the plea agreement each clearly indicate that Munguia-Ramirez had discussed the appeal waiver with counsel. The court explained the waiver to him, and he stated that he understood it. The record before us does not support Munguia-Ramirez's claim that his guilty plea or appeal waiver was unknowing or involuntary due to his counsel's estimate of the ultimate sentence or any other outside factors. See Gonzalez-Mercado, 808 F.2d at 800 n.8. Therefore, the district court did not plainly err in finding that his guilty plea and appeal waiver were knowing and voluntary.

To the extent Munguia-Ramirez depends upon an ineffective assistance of counsel argument, however, we find that the record is not sufficiently developed to consider that argument on direct appeal. Although he claims that, prior to pleading guilty, counsel estimated that he would receive a 60-month sentence, the record

does not reveal that any such estimation or promise was made, how the alleged estimation was communicated to him, or any other facts surrounding such an estimation. See Massaro, 538 U.S. at 504-05, 123 S. Ct. at 1694; Bender, 290 F.3d at 1284. Accordingly, we decline to consider it.[1]

### III. CONCLUSION

Munguia-Ramirez appeals his conviction for conspiracy to possess with intent to distribute cocaine. Because the district court's Rule 11 plea colloquy in this case was without error, and because the record before us does not support Munguia-Ramirez's claim that his guilty plea or appeal waiver was unknowing or involuntary due to his counsel's estimate of the ultimate sentence or any other outside factors, we **AFFIRM** his conviction. We decline, however, to consider his ineffective assistance of counsel claim because the record is insufficiently developed.

---

[1]Munguia-Ramirez may wish to pursue this claim under 28 U.S.C. § 2255. See Bender, 290 F.3d at 1284.

10