[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14085
Non-Argument Calendar
_____

D. C. Docket No. 06-00076-CR-ORL-31-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANNA B. BARRINGTON,
a.k.a. Deanna Wethall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2008)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty to three counts of tax

evasion in violation of 26 U.S.C. § 7201.[1]  At sentencing, the district court fixed

appellant's offense level at 15.  This level coupled with a criminal history category

of I yielded a Sentencing Guidelines sentence range of 18 to 24 months'

imprisonment.  The court, finding that the relevant sentencing factors of 18 U.S.C.

§ 3553(a) counseled the imposition of prison sentences in excess of 24 months,

sentenced appellant to concurrent prison terms of 30 months.  She now appeals her

sentences, claiming that they are substantively unreasonable in light of the six-

month upward variance and, moreover, constitute cruel and unusual punishment.

We affirm.

## I.

In considering the substantive reasonableness of a sentence, we employ an

abuse of discretion standard "[r]egardless of whether the sentence imposed is

inside or outside the Guidelines range."  Gall v. United States, 552 U.S. ___, ___,

128 S.Ct. 586, 597, ___ L.Ed.2d ___ (2007).  The substantive reasonableness of a

sentence is considered in light of the factors outlined in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics

of the defendant; (2) the need to reflect the seriousness of the offense, to afford

---

[1] The superceding indictment, which was returned against appellant and her husband, contained 34 counts, counts 32-34 charging the instant tax evasion offenses.  In addition to tax evasion, appellant was charged with violations of 18 U.S.C. §§ 371, 1341, and 1343, which, pursuant to the plea agreement, were dismissed.

adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a). The district court should consider all of these factors in light of the facts presented. Gall, ___ U.S. at ___, 128 S.Ct. at 596.

In reviewing a sentence above the Guidelines sentence range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. "[W]e may find that a district court has abused its . . . discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, No. 07-10183, slip op. at 1090 (11th Cir. January 31, 2008). In other words, if the court made a clear error in judgment in weighing the § 3553(a) factors, we will remand for resentencing. Id.

Here, the court did not abuse its discretion and impose on appellant a substantively unreasonable sentence by applying a six-month upward variance. The variance was moderate, as it only increased the sentence to 30 months, from

3

the high-end of the sentence range of 24 months. Also, as the court noted, appellant's tax evasion charges involved income she earned for three years from criminal activity, which deprived innocent victims of nearly seven million dollars. Although appellant claimed to accept responsibility, she also placed the blame on her husband.

The court did not abuse its discretion in finding that the nature and circumstances surrounding the offense, the seriousness of the offense, and other relevant factors outweighed appellant's lack of a criminal history, her limited acceptance of responsibility, and her announced desire to provide restitution. Considering the totality of the circumstances, the court did not abuse its discretion in imposing the six-months' upward variance.

## II.

At sentencing, appellant did not object to her sentences on the ground that they constituted cruel and unusual punishment. We review her argument that they amounted to such punishment for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). Under the plain error standard, the appellant must demonstrate: (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006).

The Eighth Amendment's prohibition of cruel and unusual punishment, in non-capital cases, encompasses only a narrow proportionality principle. Raad, 406 F.3d at 1323; see also Harmelin v. Michigan, 501 U.S. 957, 985-94, 111 S.Ct. 2680, 2696-2701, 115 L.Ed.2d 836 (1991). In this context, successful proportionality challenges are rare because we give Congress substantial deference to determine the types and limits of criminal punishment. Raad, 406 F.3d at 1323.

> When addressing an Eighth Amendment challenge, "a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions."

Id. at 1324 (quoting United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000)).

We find no plain error here. Appellant's sentences amounted to only half of the statutory maximum sentence, 60 months, that could have been imposed on each count of tax evasion. Under the circumstances, appellant clearly fails to make the threshold showing that her sentences are grossly disproportionate; hence, they were not the product of plain error.

**AFFIRMED.**

5