[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10184
Non-Argument Calendar

_____

D. C. Docket No. 07-60155-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN KHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 14, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Steven Khan appeals his sentence to 41 months of imprisonment for mail

fraud. 18 U.S.C. § 1341. Khan contests the enhancement of his sentence for abusing a position of trust, the calculation of his amount of loss, and the reasonableness of his sentence. We affirm.

## I. BACKGROUND

MLS Realty hired Khan as its principal real estate broker. Khan was required to collect and deliver to the accounting department the checks received from closing agents and real estate brokerage companies. Two years later, MLS Realty adopted a corporate resolution that appointed Khan vice president of the company. Although the resolution did not extend authority to Khan to open bank accounts or endorse remittances to MLS Realty for deposit, Khan used the resolution to open two business accounts at Wachovia Bank. The accounts, created using Khan's home address and for which Khan was the sole signatory, were titled "MLS Realty Inc., Commissions" and "MLS Realty Inc., Escrow."

Over the next two years, Khan misappropriated and deposited $1,691,523.21 in commission checks made payable to MLS Realty into his "MLS Realty Inc., Commissions" account. Before his scheme was discovered, Khan instructed a client of MLS Realty, New Homes Incorporated, to make its referral fee checks payable to MLS Realty and Khan. New Homes mailed the checks to Khan, who deposited them into his "Commissions" account. Khan used some funds to pay

2

agents their legitimate commissions and other funds for his personal use. Khan wrote checks to himself and laundered the money by transferring funds to his "Escrow" account that he dispersed to himself and to companies that he owned.

Khan was indicted for 10 counts of mail fraud and 17 counts of money laundering. Khan entered a blind plea of guilty to Count 1 of the indictment that charged him for using the mail fraudulently to obtain from New Homes $3,532.35 owed to MLS Realty. During the guilty plea colloquy, Khan admitted that his mail fraud crime occurred from 2004 through 2006.

The presentence investigation report listed Khan's base offense level at seven, U.S.S.G. § 2B1.1(a)(1), increased it by 16 levels for a loss amount between $1 and $2.5 million, id. § 2B1.1(b)(1), increased it by two levels for abusing a position of public or private trust, id. § 3B1.3, and decreased it by three levels for acceptance of responsibility, id. § 3E1.1. With a criminal history category of I, the report provided a sentencing range between 41 and 51 months of imprisonment.

Khan filed a sentencing memorandum and raised two issues. First, Khan argued that the restitution and loss amounts of $1,757,188.75 should be reduced by the $651,064.51 that he used to pay legitimate business expenses. See id. § 2B1.1 cmt. n.3.(E). Second, Khan requested that the court consider the professional and financial consequences that he and his family had endured and impose a below

3

guidelines sentence of 33 months of imprisonment.

At the sentencing hearing, Khan withdrew his objection to the amount of restitution and stated that the parties had agreed to restitution of $1,040.458.70. Khan repeated his request for a sentence of 33 months of imprisonment. The district court "consider[ed]" the consequences mentioned by Khan as "mitigating factors for sentencing," but stated that it had to impose a sentence "to provide a reasonable deterrent to prevent other people from committing this particular crime." The district court concluded that a term of imprisonment in the "low end of the guideline range" provided a "reasonable and sufficient sentence" and sentenced Khan to serve 41 months of imprisonment followed by a term of supervised release of 3 years.

## II. STANDARDS OF REVIEW

Arguments not raised in the district court are reviewed for plain error. United States v. Williams, 469 F.3d 963, 965 (11th Cir. 2006). We will not consider error caused by the actions of the complaining party. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and

the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## III. DISCUSSION

Khan raises three challenges to his sentence. All fail. We address each in turn.

*A. The District Court Did Not Plainly Err by Applying the Abuse of Trust Enhancement.*

Khan argues that the district court should not have applied to his sentence a two-level enhancement for abusing a position of public or private trust. Khan argues that, to hold a position of public or private trust, he must have been entrusted with discretionary authority to act on behalf of MLS Realty. See U.S.S.G. § 3B1.3 cmt. n.1. Khan argues that he was not given discretionary authority as established by the fact that the corporate resolution that appointed him vice president did not confer on him the right to open bank accounts.

Khan's argument fails. The sentencing guidelines provide for a two-level enhancement if the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. U.S.S.G. § 3B1.3. The application note defines "public or private trust" as a person who exercises "substantial discretionary judgment that is ordinarily given considerable deference." Id. cmt. n.1. This Court has held that section 3B1.3

should be applied in two situations: "(1) 'where the defendant steals from his employer, using his position in the company to facilitate the offense,' and (2) 'where a "fiduciary or personal trust relationship exists" with other entities, and the defendant takes advantage of the relationship to perpetrate or conceal the offense.'" United States v. Garrison, 133 F.3d 831, 837–38 (11th Cir. 1998) (quoting United States v. Koehn, 74 F.3d 199, 201 (10th Cir. 1996)).

The district court did not plainly err by finding that Khan abused a position of private trust. Khan misappropriated checks that he was entrusted to forward to the accounting department of MLS Realty and he used the corporate resolution appointing him as vice president to open bank accounts. Khan also took advantage of his position as the collection agent for MLS Realty and instructed the president of New Homes to make checks payable to him.

*B. Khan Invited the Alleged Error in the Calculation of His Loss Amount.*

Khan argues that the loss amount used to determine his guideline range was erroneously calculated. He asserts that he was not credited the amount owed him for services performed for MLS Realty and the loss amount included fraudulent activities that predated his mail fraud crime. We disagree.

Khan is not entitled to relief. Although Khan initially objected to his restitution and loss amounts, he later negotiated and agreed with the government

6

on that amount. Any error is invited. See Love, 449 F.3d at 1157.

*C. Khan's Sentence Is Reasonable.*

The district court did not abuse its discretion when it sentenced Khan to the low end of the guideline range. Although Khan complains that the district court did not properly weigh his age and his professional and personal losses, the absence of prior criminal activity, and the financial support Khan provides to his wife and stepdaughter, the district court stated that it considered those facts in mitigation. The district court explained that a sentence of 41 months of imprisonment served the statutory purposes of deterrence and adequate punishment. See 28 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Khan's sentence is reasonable.

## IV. CONCLUSION

Khan's sentence is **AFFIRMED.**