[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14580
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00004-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN DANIEL MILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 24, 2009)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Sean Daniel Milton appeals his conviction and 96-month sentence for

possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1). He pled guilty to the offense and, after departing down from the 120-month mandatory statutory minimum sentence of imprisonment, under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on his substantial assistance, the district court imposed a 96-month sentence. Milton seeks to vacate his conviction; alternatively he claims that his sentence was unreasonable.

## I.

First, Milton argues that the district court plainly erred[1] in accepting his guilty plea because it failed to ensure that he understood the consequences of the plea as is required by Fed. R. Crim. P. 11. Specifically, he argues the district court failed to advise him of the following: (1) the government's right to use against him any statement that he gave under oath in a prosecution for perjury or false statement, (2) his right to plead not guilty or to persist with a plea of not guilty, (3) his right at trial to testify and present evidence, and (4) the court's authority to order restitution. He also argues that the district court misinformed him that it was

---

[1] We review an alleged violation of Fed. R. Crim. P. 11 for plain error when no objection was raised before the district court. United States v. James, 210 F.3d 1342, 1343 (11th Cir. 2000). Under the plain error standard, we will correct an error only if there is: (1) error; (2) that is plain or obvious; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006).

likely that it would sentence him within the Guidelines range.[2]

The district court must conduct a plea colloquy pursuant to Rule 11 to ensure that a guilty plea is entered knowingly and voluntarily. McCarthy v. United States, 394 U.S. 459, 467 (1969). To this end, the court must address the defendant in open court to ensure that he understands his various rights. See Fed. R. Crim. P. 11(b)(1) and (2). We have explained that Rule 11 is "neither precatory nor aspirational" and "the district court is obliged to tell the defendant in words or in substance the matters contained" in Rule 11. United States v. Monroe, 353 F.3d 1346, 1351 (11th Cir. 2003). A technical defect does not cause prejudice to a defendant's substantial rights as long as the three "core concerns" of Rule 11 are satisfied. Id. at 1354. These concerns are: (1) that the guilty plea was voluntary; (2) that the defendant understood the nature of the charges; and (3) that the defendant understood the consequences of his plea. Id. Accordingly, when the "core concerns" of Rule 11 are satisfied, technical defects in a plea colloquy do not rise to the level of plain error. See id.

---

[2] Rule 11 requires the district court to inform the defendant of several rights and obligations, including in part: (1) the government's right to use against him any statement made under oath in a prosecution for perjury or false statement; (2) the right to plead not guilty or persist in that plea; (3) the right to testify and present evidence if the defendant proceeds to trial; (4); any maximum possible penalty; (5) any mandatory minimum penalty; (6) the court's authority to order restitution; and (7) the court's obligation, at sentencing, to calculate the guideline range and consider the range, possible departures, and the 18 U.S.C. § 3553(a) factors. Fed. R. Crim. P. 11(b)(1)(A), (b)(1)(B), (b)(1)(E), (b)(1)(H), (b)(1)(I), (b)(1)(K), (b)(1)(M).

Even if the district court errs by failing to advise a defendant of all of the information contained in Rule 11(b)(1), reversal is not necessarily required. See United States v. Moriarty, 429 F.3d 1012, 1020 (11th Cir. 2005). To the contrary, a variance from the specific language or requirements of Rule 11 is harmless if it does not affect substantial rights. Fed. R. Crim. P. 11(h). An error only affects a defendant's substantial rights if it prejudiced him by affecting the outcome of the district court proceedings. See United States v. Olano, 507 U.S. 725, 734 (1993).

Upon review of the parties' briefs and the record, including the plea colloquy, we do not find that the district court committed plain error that affected Milton's substantial rights. The district court advised Milton that if he did not tell the truth he would be committing perjury and could be subject to additional punishment for such false testimony. The court fully advised him of his trial rights, including his rights to assist his attorney in selecting a jury, to testify or to remain silent, to present witnesses on his behalf and to cross-exam witnesses. The court also explained the difference between a guilty and not guilty plea, which he said he understood. In addition, the record indicates that he was aware of his right to plead not guilty and persist in that plea because: (1) he had pled not guilty prior to the plea agreement; (2) the plea agreement indicated that he and counsel had weighed the benefits of a trial versus a plea of guilty; and (3) in conducting the

4

plea colloquy, the district court consistently used language, such as the phrase "if you should elect to go to trial," which indicated that Milton had the right to proceed to trial by maintaining his plea of not guilty. Although the court did not advise Milton of its authority to order restitution, this was not plain error because restitution was not ordered in this case and thus does not affect Milton's substantial rights. See United States v. Morris, 286 F.3d 1291, 1294 (11th Cir. 2002) (holding that the district court's failure to mention the possibility of restitution at a Rule 11 hearing was not plain error when it warned the defendant of a potential fine larger than the actual amount of restitution ordered).

We do find, however, that the district court's instructions regarding the sentencing consequences of Milton's guilty plea, particularly with regard to the associated ten year statutory mandatory minimum penalty, were confusing. The court advised Milton that "the maximum sentence that [it] could impose on Count 1 would be a sentence of not less than ten years, nor more than life imprisonment," and then went on to state that "[t]hese are the maximum statutory penalties" but that the court would consider the Sentencing Guidelines in an advisory manner when determining the appropriate sentence for Milton. (emphasis added). We find that the court's use of the language "maximum" to refer to the minimum statutory sentence of ten years and its failure to state that these statutory terms are

5

mandatory did not properly advise Milton of the potential mandatory minimum sentencing consequences of his guilty plea as required by Rule 11.

Nonetheless, we find that even if the court's sentencing instructions constitute plain error, such error was harmless as Milton has not alleged nor shown that it affected his substantial rights. Milton has not alleged that, but for the court's misleading instructions regarding the sentencing consequences of his guilty plea, he would not have pled guilty, but rather would have chosen to proceed to trial. Instead, all he requests is that this case be remanded so he has an opportunity to enter a knowing and voluntary plea. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.") (emphasis added).

II.

Milton also argues that his 96-month sentence is substantively unreasonable because the district court placed undue emphasis on his criminal history without adequately considering the other factors set forth in 18 U.S.C. § 3553(a). Milton does not dispute that the 120-months' statutory mandatory minimum was the starting point for the district court's consideration of the government's § 5K1.1

6

downward departure motion. Nonetheless, he argues that the district court should have considered the § 3553(a) factors and have imposed a sentence within the otherwise applicable guidelines range of 57 to 71 months' imprisonment.

In accordance with United States v. Booker, 543 U.S. 220 (2005), we may review a sentence for procedural or substantive reasonableness applying an abuse of discretion standard. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007). However, "Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum." United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008). Notably, if a mandatory minimum sentence is greater than the maximum of the otherwise applicable guideline range, then the mandatory minimum sentence becomes the guideline range. U.S.S.G. § 5G1.1.

The district court may impose a sentence below the mandatory minimum and the corresponding guideline range, under 18 U.S.C. § 3553(e), if the government moves for a downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1. However, in determining the extent of a § 5K1.1 departure, the district court only may consider the factors listed in § 5K1.1 and other factors related to the assistance provided by the defendant. United States v.

7

Livesay, 525 F.3d 1081, 1092 (11th Cir. 2008).

Milton's reasonableness argument is without merit because the district court lacked the general authority, under either Booker or § 3553(a), to grant him a departure, below the 120-month mandatory minimum sentence, to reflect any factors unrelated to his substantial assistance.  Moreover, the district court indicated that it was imposing a 96-month sentence based on the government's § 5K1.1 motion and 18 U.S.C. § 3553(e).  In addition, by failing to challenge the extent of the departure granted to him based on any of the permissible factors related to his substantial assistance, Milton has abandoned that argument.

**AFFIRMED.**