[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-14350
Non-Argument Calendar
_____

D. C. Docket No. 08-00043-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMARD JEROME DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 25, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Armard Jerome Davis appeals his 95-month sentence imposed following his guilty plea to distributing more than 5 grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and 18 U.S.C. § 2. Davis contends (1) the district court violated his right to equal protection by considering the crack cocaine Guidelines range as part of its sentencing decision, and (2) his sentence is procedurally and substantively unreasonable.[1] After review, we affirm Davis's sentence.

I.

For the first time on appeal, Davis argues the district court violated his right to equal protection because the crack cocaine Guidelines are unconstitutional based on their racially disparate impact.[2] Davis relies on the 2007 Sentencing Commission's Report and Amendment 706 which altered the Guidelines so that the crack/powder ratio varies at different offense levels between 25 to 1 and 80 to 1. Davis argues this Court should reject the disparity because it is arbitrary and based on "unsound judgment."

---

[1]For purposes of this appeal, we deny the Government's motion to dismiss and assume *arguendo* that the sentence-appeal waiver contained in Davis's plea agreement is unenforceable.

[2]Davis's mention of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), was not sufficient to implicate an equal protection challenge because the *Kimbrough* holding did not relate to the constitutionality of the amended crack cocaine Guidelines. Thus, the plain error standard applies. *United States v. Douglas*, 489 F.3d 1117, 1125 (11th Cir. 2007). Under the plain error standard, "there must be (1) an error, (2) that is plain, and (3) that affects substantial rights." *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006).

The district court's consideration of the crack cocaine Guidelines was not plain error. We have not held the post-Amendment 706 crack cocaine Guidelines violate equal protection. Similarly, the Supreme Court has made no such holding. Moreover, the legitimacy of the rationale behind the continued sentencing disparity remains a matter of debate.[3] Thus, Davis has failed to show the court plainly erred by considering the crack cocaine Guidelines in fashioning his sentence.

## II.

Davis argues his sentence is procedurally and substantively unreasonable because the court treated the crack cocaine Guidelines as mandatory and failed to sentence him based on a "1-to-1" crack to powder cocaine ratio.

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Once we conclude the district court made no procedural errors, we will then consider "the substantive reasonableness

---

[3]Currently, pending legislation in the House of Representatives would impose a "1-to-1" crack-to-powder cocaine ratio with regard to statutory penalties. *See* Fairness in Cocaine Sentencing Act of 2009, H.R. 3245, 111th Cong. (2010). By contrast, the Senate recently approved a bill which only would contain an "18-to-1" crack-to-powder cocaine ratio. *See* Fair Sentencing Act of 2010, S. 1789, 111th Cong. (as passed by Senate, March 17, 2010).

of the sentence," under the totality of the circumstances. *Gall*, 128 S. Ct. at 597. A sentence is substantively unreasonable if it is not supported by the § 3553(a) factors. *Id.* at 600. A district court's "unjustified reliance" on a single § 3553(a) factor "may be a symptom of an unreasonable sentence." *Pugh*, 515 F.3d at 1191. Nevertheless, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted).

We conclude Davis's sentence was procedurally reasonable. First, the district court correctly calculated the Guidelines, explicitly acknowledged the Guidelines were advisory and expressly stated it had considered the § 3553(a) factors. Second, the district court considered Davis's request for a downward departure. Finally, the district court's explanation of the sentence is sufficient to allow for meaningful appellate review.

Davis's sentence is also substantively reasonable because the § 3553(a) factors, including Davis's history and characteristics and the nature of the offense, show his sentence is sufficient but not greater than necessary to fulfill the statutory purposes of sentencing. Moreover, the record reflects that the court gave due consideration to mitigating factors because Davis's sentence fell in the middle of the Guidelines range and was substantially below the statutory maximum of 40

4

years' imprisonment. Thus, the district court did not abuse its discretion by refusing to depart below Davis's Guidelines range based solely on the disparity between crack cocaine and powder cocaine sentences. *See Kimbrough*, 128 S. Ct. 558. Accordingly, we affirm Davis's sentence as reasonable.

**AFFIRMED.**