[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

No. 09-15116
Non-Argument Calendar

_____

D. C. Docket No. 08-20290-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNY MEJIA DE HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2010)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jenny Mejia de Hernandez ("Mejia") appeals her convictions and sentences

for conspiracy to deliver firearms to a common carrier without notice and to export firearms, delivery of firearms to a common carrier without notice, and illegally exporting firearms. Mejia makes three arguments on appeal. First, she challenges the sufficiency of the evidence with respect to all of her convictions. Second, she argues that the prosecutor's statements during closing argument, which she did not object to at the time, were improper because they referred to her right to remain silent. Third, she challenges the application of U.S.S.G. § 2M5.2(a)(1) to set her base offense level.

## I. SUFFICIENCY OF THE EVIDENCE

We review *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). In determining whether sufficient evidence supports a conviction, we "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991). Furthermore, a "jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

To establish conspiracy under 18 U.S.C. § 371, the government must prove beyond a reasonable doubt "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Ellington*, 348 F.3d 984, 989 (11th Cir. 2003). To prove participation in a conspiracy, the government must have proven beyond a reasonable doubt that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy. *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002). The government need not prove that the defendants knew all of the details or participated in every aspect of the conspiracy. *Id.* at 1284. Rather, the government must only prove that the defendants "knew the essential nature of the conspiracy." *Id.* (quotation omitted).

Whether Mejia knowingly volunteered to join the conspiracy may be proven by "direct or circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005) (citation and quotations omitted). "Indeed, because the crime of conspiracy is predominantly mental in composition, it is frequently necessary to resort to circumstantial evidence to prove its elements." *Id.* (citation and internal quotations omitted).

3

In relevant part, 18 U.S.C. § 922(e) provides:

It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being . . . shipped.

18 U.S.C. § 922(e).

Section 554(a) provides that:

Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 554(a).

Here, the evidence supports the jury's guilty verdict with respect to all of the convicted counts. The evidence presented at trial showed that Mejia worked closely with others to purchase a number of firearms for export and to deliver several of the purchased firearms to a common carrier without notice to the common carrier that weapons were delivered, and that several of these firearms were actually exported by the common carrier. Viewing this evidence in the light

4

most favorable to the government, we hold that a reasonable construction of the evidence would have allowed the jury to find the Defendant guilty beyond a reasonable doubt. *Herrera*, 931 F.2d at 762. We therefore reject Mejia's argument that the evidence presented at trial was insufficient to sustain her conviction.

## II. PROSECUTORIAL MISCONDUCT

Mejia argues that the prosecutor's comments during closing argument attempted to shift the burden of proof and constituted impermissible comment on Mejia's failure to testify. While we generally review a prosecutorial-misconduct claim *de novo*, *see United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006), because Mejia did not object to the government's statements during trial, we will review her challenge only for plain error, *see United States v. Wilson*, 149 F.3d 1298, 1302 n.5 (11th Cir. 1998). Under the plain error standard, "there must be (1) an error, (2) that is plain, and (3) that affects substantial rights." *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006). "If these three conditions are met, we may notice the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

In reviewing claims of prosecutorial misconduct, we examine the context of the entire trial to determine whether the prosecutor's statements (1) were improper,

and (2) prejudicially affected the substantial rights of the defendant. *Wilson*, 149 F.3d at 1301. A direct reference to a defendant's failure to testify clearly violates the defendant's Fifth Amendment right against self-incrimination, entitling her to a new trial, but an indirect reference to such failure is not reversible error *per se*. *United States v. Norton*, 867 F.2d 1354, 1364 (11th Cir. 1989) (citing *Griffin v. California*, 380 U.S. 609, 612-14, 85 S. Ct. 1229, 1232-33 (1965) (prohibiting comments that suggest that a defendant's silence is "evidence of guilt")). Instead, the impact of the statement must be assessed in terms of the context in which it was made. *Norton*, 867 F.2d at 1364. A comment will not be deemed an impermissible reference to a defendant's silence unless "(1) it was the prosecutor's manifest intention to refer to the defendant's silence or (2) the remark was of such a character that the jury would 'naturally and necessarily' take it to be a comment on the defendant's silence." *Id.* (citation omitted). Furthermore, it is not improper to comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence. *United States v. Chirinos*, 112 F.3d 1089, 1100 (11th Cir. 1997).

To meet the substantial prejudice prong, the improper comments must have "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991)

(quotation omitted). We have stated that "[a] defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Eckhardt*, 466 F.3d at 947. "When the record contains sufficient independent evidence of guilt, any error is harmless." *Id.*

Here, the prosecutor's remarks did not specifically reference Mejia's failure to testify, the statements do not show a "manifest intent" to refer to her silence, and the statements could not be interpreted as such comments. Instead, the government implicitly commented on the failure of the defense, rather than the failure of the defendant, to counter or explain the evidence. As such, we discern no plain error in the prosecutor's comments.

## III. BASE OFFENSE LEVEL

Third, Mejia argues that application of § 2M5.2(a)(1), which set her base offense level at 26, was improper because only ten firearms were recovered from the sofa and television and therefore her base offense level should have been 14. U.S.S.G. § 2M5.2(a)(1) (directing that the base offense level for exportation of arms, munitions, or military equipment or services without required validated export licence shall be 26). We decline to address this argument because Mejia

7

withdrew this objection before the district court and conceded that § 2M5.2(a)(1) applied, thereby inviting any error. *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997) (holding that where, as here, a defendant raises and then knowingly withdraws an objection to her sentence, the objection may be deemed waived and will not be reviewed on appeal); *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party."). In any event, her sentencing challenge lacks merit because the record shows that her offense involved more than 10 firearms, and, in fact, involved more than 100, which she readily conceded at sentencing. Thus, she is not entitled to application of § 2M5.2(a)(2), which reduces the base offense level to 14 "if the offense involved only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed ten."

Accordingly, we affirm Mejia's convictions and sentences.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is DENIED.