**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4965**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

EARL GLENN, JR.,

Defendant – Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Cameron McGowan Currie, District Judge.   (0:11-cr-00519-CMC-1)

—————————

Submitted:  August 13, 2013          Decided:  October 10, 2013

—————————

Before MOTZ, KING, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Julius N. Richardson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Glenn, Jr., appeals the mandatory life sentence imposed on him in the District of South Carolina pursuant to the recidivist enhancement of 21 U.S.C. § 841(b)(1)(A). Glenn also asserts that his life sentence is disproportionate under the Eighth Amendment, challenges the sufficiency of the evidence supporting his underlying 21 U.S.C. § 846 conviction, and contends that the district court erred in denying his motion to suppress. As explained below, we reject each of his contentions and affirm.

A federal grand jury in South Carolina indicted Glenn on a charge of conspiring to distribute a quantity of cocaine and 280 grams or more of cocaine base ("crack" or "crack cocaine"), in contravention of § 846 ("Count One"), plus a charge of possession with intent to distribute more than five grams of crack, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). At trial, the prosecution maintained that Glenn was involved in a South Carolina crack cocaine distribution conspiracy that continued from 2002 to 2010. The evidence included two recorded controlled sales of crack by Glenn, a search resulting in the seizure of crack and drug paraphernalia from Glenn's person, the testimony of four coconspirators who implicated Glenn in the conspiracy, his prior guilty pleas and convictions on four felony drug offenses occurring during the course of the

2

conspiracy, as well as Glenn's confession to the authorities relating to both federal charges. The jury convicted Glenn on both counts of the indictment.

The district court thereafter sentenced Glenn to life in prison on Count One, plus thirty years on Count Two, to be served concurrently. On Count One, the court relied on the recidivist enhancement, which mandates a life sentence for an offender who possesses with intent to distribute more than 280 grams of crack "after two or more prior convictions for a felony drug offense have become final." See 21 U.S.C. § 841(b)(1)(A). By its verdict, the jury found that Glenn was responsible for more than 280 grams of crack in connection with the conspiracy charge of Count One. At sentencing, the prosecution established, with Glenn's admissions, that he had four prior convictions for felony drug offenses, two of which were final in April 2007, and the other two convictions becoming final in November 2007.

In this appeal, Glenn asserts — for the first time — that the district court misapplied the recidivist enhancement. Glenn contends in particular that the enhancement does not apply to him because, although the jury found him responsible for more than 280 grams of crack over the eight-year span of the charged conspiracy, it failed to specifically find that he had conspired to traffic in more than 280 grams subsequent to his felony drug

convictions in November 2007. Absent that precise finding, Glenn now maintains, the court's imposition of a mandatory life sentence cannot be sustained.[1]

Because Glenn failed to pursue this contention in the district court, we may assess only whether the court committed plain error by invoking the recidivist enhancement to impose the life sentence on Count One. See United States v. Olano, 507 U.S. 725, 732-36 (1993) (explaining that an unpreserved contention must be directed to an "error" that is "plain," "clear," or "obvious"; "affect[s] substantial rights"; and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings"). Applying the plain error standard, we have recognized that "where we have yet to speak directly on a legal issue . . . a district court does not commit plain error by following the reasoning of another circuit." United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Though we have not yet spoken on the matter, two of our sister courts of appeals have declined to accept Glenn's interpretation of the recidivist enhancement. For example, in

---

[1] Glenn suggests that he should have been sentenced on the Count One conspiracy under 21 U.S.C. § 841(b)(1)(B), which provides for a relatively lenient mandatory minimum of ten years for a defendant who possesses with intent to distribute more than 28 grams of crack, and who has at least one prior felony drug conviction.

4

United States v. Walker, the Sixth Circuit confronted the same contention that Glenn now sponsors and rejected it, explaining:

> There is no question that this reasoning has a certain appeal, as a plausible means to avoid what is a Draconian sentence. But to follow this route would be to ignore the logic of a conspiracy charge. While it is true that the conspiracy came into existence before the second conviction was final, it is also indisputably true that Walker continued to be involved in the conspiracy after both prior convictions were final. Thus, he committed the crime of conspiracy throughout the duration of the conspiracy. And therefore, it must be said that Walker committed the crime of conspiracy after he had two final felony drug-offense convictions.

160 F.3d 1078, 1093 (6th Cir. 1998) (internal quotation marks omitted). Because Walker's involvement in the charged conspiracy exceeded the then-threshold amount of 50 grams of crack, the Sixth Circuit affirmed the district court's imposition of the life sentence mandated by the recidivist enhancement. Id.; see also United States v. Williams, 469 F.3d 963, 967 (11th Cir. 2006) ("We agree with the Sixth Circuit that the mandatory minimum term of life imprisonment is triggered by [the defendant's] continued participation in the conspiracy and not by the amount of [the controlled substance] he conspired to distribute and possess with intent to distribute after his second prior conviction became final."). Although the decisions of our sister circuits are not binding precedent for us in the ordinary sense, they do foreclose, in circumstances such as these, the conclusion that an error was either plain, clear, or

5

obvious.    Accordingly, we decline to disturb Glenn's life sentence.

Glenn raises three additional contentions on appeal: (1) that his life sentence on Count One violates the Eighth Amendment; (2) that the prosecution presented insufficient evidence to establish his participation in the Count One conspiracy; and (3) that the district court erred in denying his motion to suppress the confession.    We have carefully reviewed those assignments of error and conclude, as further explained below, that they are also without merit.

First, as to the Eighth Amendment claim, that is, the contention that Glenn's life sentence is disproportionate to his conduct, we have recognized that a life sentence for a serial drug offender does not offend the Constitution.    See, e.g., United States v. Kratsas, 45 F.3d 63, 68 (4th Cir. 1995) (affirming mandatory life sentence under recidivism enhancement for violation of § 846).    Second, we are readily satisfied that there was substantial evidence, when viewed in the light most favorable to the prosecution, to establish Glenn's participation in the charged conspiracy.    See United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001) ("In evaluating the sufficiency of the evidence, the jury verdict must be upheld if there exists substantial evidence . . . to support the verdict, viewing the

6

evidence in the light most favorable to the government.").[2] Finally, affording the factual findings of the district court the deference they are due, the court did not err in denying Glenn's motion to suppress his confession. See United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009) ("When reviewing a denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo.").

Pursuant to the foregoing, we are satisfied to affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument of this appeal would not aid our decisional process.

AFFIRMED

---

[2] Glenn specifically asserts a lack of sufficient evidence establishing his participation in the charged conspiracy subsequent to his November 2007 felony drug convictions. However, the prosecution is not obliged to present evidence of a conspirator's active participation throughout the period of a criminal conspiracy — only that the defendant joined at some point and did not withdraw. See Smith v. United States, 133 S. Ct. 714, 717 (2013).