[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16413
Non-Argument Calendar

_____

D. C. Docket No. 06-00186-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK FOWLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2009)

Before DUBINA, Chief Judge, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Mark Fowler appeals his 240-month sentence for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, Fowler challenges the procedural reasonableness of his sentence on two grounds. Specifically, he argues that (1) the district court imposed a sentence in violation of the Ex Post Facto Clause of the U.S. Constitution by determining his base offense level pursuant to the guidelines manual in effect at the time of sentencing, which resulted in a base offense level of 38 instead of 33 under U.S.S.G. § 2A1.2(a); and (2) the district court erred by grouping his two counts of conviction, pursuant to U.S.S.G. § 3D1.1, to determine his base offense level. In addition, Fowler argues that his sentence was substantively unreasonable because it was predicated on his commission of second-degree murder, although a Florida state appellate court had reversed his murder conviction and the state had dismissed the charge, in contravention of the principles embodied in the Full Faith and Credit Act.

Although the Sentencing Guidelines are now advisory after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district courts are still required to calculate the advisory guidelines range correctly. *See United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). In reviewing the sentence, we

2

must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Id.* District courts must consider the factors enumerated in 18 U.S.C. § 3553(a) and "'make an individualized assessment based on the facts presented'" in determining its sentence. *Pugh*, 515 F.3d at 1190 (*quoting Gall*, 552 U.S. at ___, 128 S. Ct. at 597). We review whether the final sentence imposed is reasonable under an abuse-of-discretion standard. *Gall*, 552 U.S. at ___, 128 S. Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

## I.

Fowler argues that his sentence was procedurally unreasonable and imposed in violation of the Ex Post Facto Clause because the district court applied the Guidelines in effect at the time of sentencing, rather than the less punitive version

3

in effect at the time the offense was committed. In determining Fowler's base offense level of 38, the probation officer relied on the 2007 version of the Guidelines. U.S.S.G. § 2A1.2(a) (2007). This base offense level went into effect on November 1, 2004, the effective date of Amendment 663 to the Guidelines. U.S.S.G., App. C, Amend. 663. Under the 2002 version of § 2A1.2, the version in effect at the time Fowler committed the offenses, the base offense level would have been 33. U.S.S.G. § 2A1.2(a) (2002). With a criminal history category V, Fowler's guideline imprisonment range would have been 210 to 262 months' imprisonment under the 2002 Guidelines, rather than 360 months to life imprisonment as determined by the 2007 Guidelines before applying the applicable 240-month statutory maximum.

Where, as in the case here, a party raises no objections to the sentence before the district court as to an *ex post facto* violation, we review a sentence for plain error. *United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004). Under plain error review, a district court's decision is reversible only where (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993). If these conditions are met, we may exercise our discretion to address the trial court's error, but only "if (4) the error seriously affects the

4

fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002) (internal quotation marks omitted). An error is plain only if it is "obvious or clear under current law." *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006). "Where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error." *Id.* (internal quotation marks and alteration omitted).

Normally, sentencing courts apply the version of the Guidelines in effect at the time of sentencing. U.S.S.G. § 1B1.11(a). Applying a guideline provision enacted after a defendant's conduct that disadvantages the defendant, however, violates the Ex Post Facto Clause. *United States v. Robinson*, 935 F.2d 201, 204 (11th Cir. 1991).

Nevertheless, as the government points out, we have not resolved the question of whether in the post-*Booker* era, where the Sentencing Guidelines are only advisory, a district court's application of a sentencing guidelines manual promulgated after the offense has occurred would violate the Ex Post Facto Clause. The circuits are split on the issue. *See United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (concluding that the Ex Post Facto clause does not apply to the Sentencing Guidelines because they are merely advisory). *But see United States v.*

5

*Gilman*, 478 F.3d 440, 449 (1st Cir. 2007) (recognizing *Demaree*, but stating that, given post-*Booker* circuit precedent, it was "doubtful" that the First Circuit would conclude that *Booker* had the effect of eliminating *ex post facto* concerns relevant to retroactive application of the Guidelines). Moreover, the Supreme Court has not resolved the issue.

While Fowler appears to have been subjected to a harsher guideline range under the 2007 Guidelines than he would have faced under the 2002 Guidelines in violation of the Ex Post Facto Clause, there cannot have been plain error because there is a circuit split and no binding precedent from the Supreme Court or this court directly resolving whether retroactive application of the Guidelines, in a post-*Booker* era, results in an Ex Post Facto Clause violation.

## II.

Fowler argues that the district court erred by grouping his two counts of conviction, pursuant to U.S.S.G. § 3D1.1.

We review sentencing issues not raised before the district court for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006) (applying plain error review to an unpreserved guidelines calculation argument). To meet the third prong of the plain error test, a defendant has the burden to prove that the error affected the outcome of the proceedings such that there was a reasonable

6

probability of a different result had the error not occurred. *See United States v. Munoz*, 430 F.3d 1357, 1375 (11th Cir. 2005) (noting that the third prong of plain error review "almost always requires that the error must have affected the outcome of the district court proceedings" (internal quotation marks omitted)). "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005).

Fowler was convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g). After applying the cross-referencing provisions of U.S.S.G. § 2K2.1(c)(1)(B), the district court determined that the applicable offense level was 38 under § 2A1.2. Section 2K2.1(c)(1)(B) instructs the court to apply "the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide)," if the defendant used or possessed any firearm in connection with the commission of another offense, death resulted, and the resulting base level is higher than it would otherwise be. U.S.S.G. § 2K2.1(c)(1)(B). The most analogous offense, in this case, was second-degree murder, U.S.S.G. § 2A1.2, which Fowler does not contest on appeal.

"Section 3D1.1 of the Sentencing Guidelines provides that the first step in the process of determining the sentence of a defendant convicted of more than one

7

count is for the court to group the counts of conviction into groups of 'Closely Related Counts' pursuant to section 3D1.2." *United States v. McClendon*, 195 F.3d 598, 600 (11th Cir. 1999). While § 3D1.2 directs courts to group all counts involving substantially the same harm into a single group, it specifically excludes "all offenses in Chapter Two, Part A (except § 2A3.5)" from its operation. U.S.S.G. § 3D1.2(d). When the cross-referencing provisions of § 2K2.1(c) are applied to determine the offense level, it is the Guideline used to calculate the offense level, not § 2K2.1, that is subject to the grouping rules of § 3D1.2. *See United States v. Williams*, 431 F.3d 767, 772 n.9 (11th Cir. 2005).

While we conclude from the record that the district court erred in grouping the counts of Fowler's conviction under § 3D1.1 because § 3D1.2 excludes § 2A1.2 from grouping, Fowler cannot carry his burden of showing that the district court's error affected his substantial rights because the application of § 3D1.1 had no affect on Fowler's guidelines imprisonment range, his statutory maximum sentences, or the district court's application of § 5G1.2(d), which called for the statutory maximum sentences on Fowler's two counts of conviction to run consecutively to the full extent of both sentences.

### III.

Fowler argues that the district court failed to accord due consideration to the

principles embodied in the Full Faith and Credit Act, specifically, the reversal of his conviction of murder in state court, and that this failure resulted in the imposition of a sentence that could not promote respect for the law and was unjust.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). "[W]e may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." *Pugh*, 515 F.3d at 1191. A within guidelines range sentence is ordinarily expected to be reasonable; the appellant bears the burden of establishing the absence of reasonableness in light of the record and the § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, ___ S. Ct. ___ (No. 08-10528) (June 22, 2009) (citing *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)). Moreover, we have held that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (noting that the sentence imposed was one-tenth the length of the 20-year statutory maximum sentence).

Pursuant to § 3553(a), the sentencing court shall impose a sentence

"sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

"The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005) (internal quotation marks omitted).

Because Fowler concedes that the Full Faith and Credit Act has no application in criminal proceedings, we decline to consider his argument that the district court should have given deference to his state court criminal proceedings.

10

Moreover, Fowler's arguments that his sentence was unjust and could not promote respect for the law fail because the district court properly considered the § 3553(a) factors, particularly Fowler's arguments concerning the nature of his offense and his extensive criminal history, in imposing what it determined to be a "reasonable and adequate" sentence.

IV.

Based on our review of the record and the parties' briefs, we affirm Fowler's sentence.

**AFFIRMED.**