[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13374
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:94-cr-00692-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO MONTEAGUDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Rigoberto Monteagudo appeals his 24-month above-Guidelines sentence imposed for violating the conditions of his supervised release. Monteagudo asserts two issues on appeal, which we address in turn. After careful review, we affirm Monteagudo's sentence.

I.

Monteagudo first asserts his sentence is unreasonable. He argues his sentence is procedurally unreasonable because the record does not support the sentence, and the district court did not adequately explain why it imposed a sentence above the Guidelines range. Monteagudo claims his sentence is substantively unreasonable because his violations resulted from his drug addiction, and the sentence does not allow for drug-addiction treatment.

A sentence imposed upon the revocation of supervised release is reviewed for reasonableness.[1] *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Further, "[w]e review a district court's decision to exceed the Chapter 7 recommended guidelines range for an abuse of discretion." *U.S. v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006).

---

[1]"Reasonableness review is akin to the deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38 (2007). The Government contends Monteagudo's procedural reasonableness arguments are subject to plain error review because he did not raise these arguments before the district court. We decline to decide whether plain error review would apply in this claim, because, as explained below, Monteagudo's sentence is procedurally reasonable under both standards of review.

There were no procedural errors in Monteagudo's sentence. Although we are unable to determine from the record whether Monteagudo's supervised release was revoked under § 3583(g) or § 3583(e), we conclude the district court sufficiently addressed the § 3553(a) factors in sentencing Monteagudo. *See United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (holding that mandatory revocation of supervised release under 18 U.S.C. § 3583(g) does not require consideration of the § 3553(a) factors in sentencing). Specifically, the court considered Monteagudo's history and characteristics, noting that he was granted an opportunity after his first revocation hearing to seek drug rehabilitation treatment and failed to stay drug free.[2] Further, the court considered Monteagudo's arguments for a Guidelines-range sentence, and the severity and nature of the violations. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that the district court's consideration of a defendant's arguments and the 3553(a) factors is sufficient). Lastly, the district court appropriately considered the Guidelines range when it noted that a sentence above the Guidelines was necessary to respond to Monteagudo's numerous supervised release violations. *See Silva*, 443 F.3d at 799 (holding that the district court did

---

[2]Monteagudo has violated his supervised release term two times within 18 months of completing a 13-year prison term.

not abuse its discretion in imposing a 24-month sentence for a probation violation, despite an advisory range of 3 to 9 months, because the policy statements in Chapter 7 were not binding on the court and the upward variance was necessary to punish multiple violations).

Monteagudo's sentence was substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court considered Monteagudo's prior failed treatment and the severity and nature of his violations of supervised release. Despite Monteagudo's claim that continued drug treatment would be a better alternative to incarceration, the record shows that drug treatment has repeatedly failed in the past. Thus, we do not find an abuse of discretion under the circumstances in this case.

## II.

Monteagudo next asserts 18 U.S.C. § 3583(h) violates his Fifth Amendment right to due process because it allows the court to indefinitely extend the termination date of his 1995 sentence. Monteagudo contends this cycle of release and revocation can continue throughout his lifetime, particularly because he is an addict and will violate the terms of his supervised release in the future. Monteagudo failed to object on this basis in the district court.

4

We review constitutional issues de novo, but will reverse only for plain error if the defendant failed to object in the district court. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). In order for an error to be plain, it must be obvious or clear under current law. *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006).

Even assuming that Monteagudo could show that the threat of a future due process violation was not too speculative, his challenge does not satisfy the plain-error test because neither the Supreme Court nor this Court has held the potential application of § 3583(h) to future supervised release violations constitutes a violation of the Fifth Amendment. *See Williams*, 469 F.3d at 966. Accordingly, Monteagudo's sentence is affirmed.

**AFFIRMED.**