[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-16657

_____

D. C. Docket No. 99-00135-CV-6

FRANKLIN E. HAGINS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 28, 2001)**

Before BIRCH, WILSON and FARRIS[*], Circuit Judges.

---

[*]Honorable Jerome Farris, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

BIRCH, Circuit Judge:

Franklin E. Hagins appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability ("COA") on the issues of whether Hagins received ineffective assistance of counsel at trial and at sentencing. We AFFIRM.

## I.  BACKGROUND

Hagins, Sammie Johnson and others were indicted for conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The alleged conspiracy dated from 1993 to 18 November 1996. Prior to trial, the government filed notice that it would seek a sentencing enhancement for Hagins based on a prior state court conviction. Johnson pled guilty pursuant to a plea agreement, but Hagins proceeded to trial and was found guilty. He was sentenced to a mandatory minimum of 240 months. On direct appeal, we affirmed.

Troy Lance Greene was initially appointed to represent Hagins. Hagins retained private counsel in place of Greene, but when that attorney later withdrew from the case, Greene was re-appointed to represent Hagins five weeks prior to the trial date. Greene obtained the trial materials from Hagins' prior counsel and paid a law student to organize and index it and assist him in summarizing important

documents.  Greene double-checked with the prosecutor that he had all discoverable information.  He also met with Hagins twice to discuss trial strategy. Greene spent a week preparing for the trial, which lasted one day.  Hagins could not provide Greene with any helpful information to assist in his defense.

At trial, Jimmy Everette, a confidential informant, testified that Johnson, Hagins' co-conspirator, spoke on the phone with a man named Frank on 28 March 1996 about obtaining drugs.  Everette also testified that Johnson told him that he could obtain from Frank a quarter of a kilogram of crack "or basically, anything [Everette] wanted."  Ex. Vo. 4-174-86-87.  Everette's cell phone bill showed Hagins' number as the number called.  Id. at 102-03, 107.  Johnson testified that he purchased cocaine for Everette from Hagins, id. at 129, and that he drove with Hagins to Augusta, Georgia to obtain crack three or four times.  Id. at 133.  During the Augusta trips, Hagins obtained "three or four ounces."  Id.  Federal Bureau of Investigation Agent Timothy Gannon testified that, during Hagins' post-arrest interview, he admitted that "he had progressed into the quarter kilogram [250 grams] transaction weight . . . during generally the last year."  Id. at 177.

Hagins filed a § 2255 petition with the district court alleging that he received ineffective assistance of counsel at trial because, according to Hagins, (1) Greene failed to interview key witnesses and pursued no independent investigation of the

3

case, and (2) failed to call Hagins as a witness in the Jackson-Denno hearing held the day of trial. Hagins also alleged that he received ineffective assistance of counsel at sentencing because Greene (1) never reviewed the pre-sentence investigation report ("PSI") for inaccuracies and never reviewed it with Hagins; (2) failed to object to the enhancement of Hagins' sentence based on a prior conviction where that prior conviction was not yet final; and (3) failed to object to the same enhancement on the grounds that the conviction was relevant conduct included in the federal conspiracy charge and was not a proper predicate conviction. The district court denied the petition but granted a Certificate of Appealability ("COA") on those issues. Hagins now appeals.

## II. DISCUSSION

Whether counsel rendered ineffective assistance is a mixed question of law and fact that we review de novo. Holladay v. Haley, 209 F.3d 1243, 1247 (11th Cir. 2000). In order to successfully demonstrate that he received ineffective assistance, a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency. Id. at 1247-48. See also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A petitioner must overcome a strong presumption of competence and the court must give significant deference to the attorney's decisions. Holladay, 209 F.3d at 1248.

4

A.  Greene's Performance at Trial

1.  Greene's Preparation

Hagins asserts that Greene's performance was deficient because he conducted no independent investigation of Hagins' case and made no effort to interview witnesses, including Johnson.  Hagins argues that he was prejudiced by Greene's failure to interview Johnson because Johnson gave inconsistent statements at trial and to the probation officer preparing Hagins' PSI.  Hagins' claim is without merit.  Greene extensively prepared for trial and paid a law student to help him organize, index and review the file compiled by Hagins' previous counsel.  He met with Hagins to discuss trial strategy and attempted to discover any information Hagins might have that would assist in his defense.  Greene contacted the prosecutor several times to make sure he had received all discoverable information.

At trial, Greene cross-examined effectively and pointed out every weakness in the government's case.   Hagins cannot demonstrate that Greene's trial performance was deficient.  The only specific criticism he offers, the failure to interview Johnson, is based on a post-hoc complaint that Johnson gave different statements about the number of times he got drugs for Everette from Hagins.  At trial, Johnson testified that the drugs came from Hagins once, but he told the

5

probation officer that both sales to Everette came from Hagins. Hagins cannot show that Greene would have discovered Johnson's "confusion" if he interviewed Johnson prior to trial. Hagins also cannot show that he was prejudiced by Greene's failure to interview Johnson. Johnson was not at all confused about his general pattern of obtaining drugs from Hagins, and Hagins' own confession and other evidence presented at trial adequately demonstrated his guilt.

### 2. The Jackson-Denno Hearing

The morning of trial, the district court held a Jackson-Denno hearing to determine whether Hagins' confession should be admitted or excluded from evidence. The FBI agents that interviewed Hagins testified regarding the circumstances of his confession and whether Hagins had asked to speak to an attorney before confessing. Greene did not call Hagins to testify. The motion to exclude the confession was denied.

At the habeas hearing, Greene testified that he was aware that he could have called Hagins for the limited purpose of testifying as to the voluntariness of his confession. 1SR1-13, at 53. Greene also testified that he made "purely a tactical decision" not to call Hagins because he "thought [the prosecutor] would discredit him pretty severely on cross." Id. at 84. Greene noted that, in making the decision not to call Hagins, he took into account the fact that his cross-examination of the

6

FBI agents had gone well.  Id.  We evaluate trial counsel's tactical decisions with great deference.  Strickland, 466 U.S. at 689, 120 S. Ct. at 2065.  Accordingly, we find that Greene's performance at the Jackson-Denno hearing was not deficient.

B.  Greene's Performance at Sentencing

Hagins also argues that Greene rendered ineffective assistance at his sentencing hearing, and accordingly, he received a longer sentence than he should have.  Specifically, Hagins argues that Greene never compared the PSI to the trial transcript to check for inaccuracies and never reviewed it with Hagins prior to the day of sentencing.  He also argues that Greene's failure to object to the enhancement of his sentence based on a prior conviction was prejudicial because his prior conviction was not yet final.  Finally, Hagins argues that Greene should have objected to the same enhancement on the grounds that the conviction was included in his relevant conduct for the federal conspiracy charge and was not a proper predicate conviction.  We address each of these issues in turn.

1.  The PSI

The record reflects that Greene never reviewed the PSI with Hagins before the day of the sentencing hearing.[1]  Hagins now argues that if Greene had compared

---

[1]At Hagin's sentencing hearing, the district judge discovered that Hagins had not reviewed the PSI with counsel.  At that time, the court recessed to allow Hagins to review the PSI with counsel.  When the court reconvened, Hagins declined the opportunity for more time to review the PSI.  See 1SR2-246-3-5.

the PSI to the trial transcript, he would have noticed the discrepancy between Johnson's testimony at trial, i.e. that Hagins provided one of two drug amounts that Johnson gave Everette, and his statement to the probation officer preparing the PSI that Hagins had provided both of the drug quantities Everette received. Hagins cannot demonstrate, however, that Greene's failure to review the PSI with him prior to sentencing prejudiced him in any way.

Hagins essentially argues that the drug weight of one of the two transactions was improperly counted against him when his sentence under the guidelines was calculated. Hagins' sentence was based on an attribution to him of 50 to 100 grams of crack. Hagins argues that if only one buy was attributed to him, as supported by the trial testimony, he would only have been responsible for 22.8 grams and the mandatory minimum sentence would not have been applicable. See Appellant's Brief, at 18. Hagins ignores, however, the evidence at trial which attributed to him substantially more than 50 grams. Agent Gannon testified that Hagins admitted to him in their interview that Hagins had "progressed into the quarter kilogram weight . . . during the last year." Ex. Vol.4-174-177. Hagins also admitted to Gannon that he had purchased a quarter of a kilogram (250 grams) of cocaine on his last trip to Florida with Johnson, and on the trip during which he was arrested he was carrying $10,000 to purchase a half a kilogram (500 grams). Id. Johnson also testified that

8

he traveled to Augusta, Georgia three or four times with Hagins to purchase three to four ounces of crack each time.[2]  Because of the evidence presented at trial about the large quantity of cocaine and crack Hagins was buying and selling, he cannot demonstrate that he was prejudiced by Greene's failure to challenge the drug quantity attributed to him on the PSI.

### 2. Finality of Hagins' Prior Conviction

Hagins also protests the enhancement of his sentence to a mandatory minimum of twenty years due to a prior drug conviction.  On 19 February 1996, Hagins pled guilty in Jenkins County, Georgia state court to possession with intent to distribute cocaine.  Hagins was sentenced under Georgia's First Offender Act, O.C.G.A. § 42-8-60, et seq., adjudication of guilt was withheld, and he was given five years probation.  Because of Hagins's arrest for the federal offense, the state court on 22 January 1997 revoked his first offender status and sentenced him to fifteen years in prison for the state possession with intent to distribute charge.  When Hagins was sentenced on the federal charge, Greene did not object to the enhancement of his sentence based on the prior state conviction.

---

[2]An ounce equals approximately 28 grams.  Using a conservative estimate of three trips and three ounces for each trip for a total of 9 ounces, Johnson's testimony about the Augusta trips alone attributes a minimum of 252 grams to Hagins.

A sentence enhancement under 21 U.S.C. § 841(b)(1)(A) is proper if based on a final prior conviction. Hagins argues that his prior conviction was not final until after the conspiracy terminated, as evidenced by the district court's entry of a judgment and commitment order ("J&C") stating that Hagins' participation in the conspiracy ended 13 February 1996. Hagins argues that the judge's later correction of the J&C to alter the date of Hagins' involvement in the conspiracy was improper. Even if the alteration of the J&C was proper, Hagins also argues that his prior conviction was not final until he exhausted his discretionary direct appeal of the revocation of his first offender status. Accordingly, he asks us to find that Greene rendered ineffective assistance by failing to object to the enhancement.

### a. The J&C Order

Rule 36 of the Federal Rules of Criminal Procedure provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time." Fed.R.Crim.P. 36. The district court's original J&C stated that the date Hagins' offense concluded was 13 February, 1996. Ex. Vol.3-165-1. At trial, however, the evidence presented included an audio tape of a conversation between Johnson and Hagins on 28 March, 1996. During that call, Hagins informed Johnson that he did not have an extra two ounces of cocaine, but did have the original amount Johnson

10

had asked him to obtain.  Ex. Vol. 4-174-103.  At sentencing, the district judge

adopted the findings of the PSI, which included a description of the 28 March, 1996

phone call.  We find that the district judge properly amended the J&C pursuant to

Rule 36.  The change was a clerical one.  See United States v. Bates, 213 F.3d 1336,

1340 (11th Cir.), cert. denied, 121 S. Ct. 666 (2000) (holding that, where a written

judgment conflicts with the oral pronouncements of the sentencing judge, the oral

pronouncement at sentencing controls).

b.  Finality of Prior Conviction

Hagins also argues that his prior state conviction cannot be used to enhance

his sentence because it is still not yet final.  Hagins was sentenced as a first offender

on 19 February, 1996.  According to Georgia law, he had thirty days to appeal that

sentence.  See O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days

after entry of the appealable decision or judgment complained of").  The Georgia

courts have held that classification as a first offender starts the clock for purposes of

filing an appeal.

> [F]irst-offender status takes the place of a 'sentence' and once imposed
> upon a criminal defendant, his case assumes the mantle of finality
> necessary to bring a direct appeal of his conviction.

Dean v. State, 338 S.E.2d 711, 712 (Ga.Ct.App. 1985).

Hagins argues, however, that the finality of his conviction should run from the direct discretionary appeal of the revocation of his first-offender status. This argument is specious. In United States v. Fernandez, the defendant had received a year of probation after pleading nolo contendere to a state charge of trafficking in cocaine. 58 F.3d 593, 599 (11th Cir. 1995) (per curiam). We held that a sentence may be enhanced based on such a prior state court sentence of probation under a deferral statute. Id. at 599-600. See also United States v. Jones, 910 F.2d 760, 761 (11th Cir. 1990) (holding that a similar disposition qualified as a prior conviction for purposes of determining career offender status). If such a conviction can be used to enhance a defendant's sentence without a revocation of probation, it follows that we need not wait for revocation of probation and any related appeal to deem the conviction final. Hagins' conviction became final when the thirty days available to him to appeal the original disposition expired. That date was 23 March 1996. Because Hagins' conviction was final he cannot demonstrate prejudice from Greene's failure to object to his sentence enhancement on that basis.

### 3. Prior Conviction Was Not Part of Relevant Conduct

Finally, Hagins asserts that he was prejudiced by Greene's failure to object at sentencing to enhancement of his sentence because the prior conviction was for drug activity that was part of the same course of conduct as his federal charge. He

relies on United States v. Hansley, 54 F.3d 709 (11th Cir. 1995) to argue that insufficient time passed between his state conviction and federal arrest to allow use of the state conviction as a predicate offense for enhancement purposes. In Hansley, eighteen months passed between the state conviction and federal arrest. Id. at 717. The test, however, is not mere passage of time. As the court noted in Hansley, because the intent of the enhancement provision is to target recidivism, the focus of the inquiry is on "'the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began.'" Id. (quoting United States v. Garcia, 32 F.3d 1017, 1019-20 (7th Cir. 1994)). See also United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997) (relying on Hansley to determine that conviction during course of conspiracy can serve as prior conviction for enhancement purposes when a month elapsed between state conviction and federal arrest).

In Howard, evidence was presented that the defendant continued to engage in the conspiracy after his state conviction. Id. at 1158. Similarly, Hagins continued to provide drugs to Johnson as evidenced by the tape of the 28 March phone call. When Hagins was arrested he had a significant amount of cash which he admitted he was going to use to purchase drugs. As in Howard, "[t]he only thing that aborted [his] participation in the drug conspiracy was his arrest in this case." Id. Hagins

13

argument that the state conviction was part of the same course of conduct and cannot serve as a predicate conviction for enhancement purposes is without merit. Accordingly, he cannot demonstrate that he was prejudiced by Greene's failure to object.

## III. CONCLUSION

Because Hagins cannot demonstrate that Greene's trial performance was deficient, and because he cannot demonstrate that he was prejudiced by any of Greene's actions at sentencing, he has not met the burden of proving that he received ineffective assistance of counsel. Accordingly, we AFFIRM the district court's denial of his § 2255 petition.