[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12005
Non-Argument Calendar
_____

D.C. Docket Nos. 6:11-cv-00724-JA-KRS; 6:04-cr-00104-JA-KRS-2

BENNIE C. RIVERA,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 23, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Bennie Rivera, proceeding pro se, appeals the district court's denial of his

motion to vacate his sentence under 28 U.S.C. § 2255 following his convictions for

conspiring to possess with intent to distribute at least one kilogram of heroin and at least 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846; and with possessing with intent to distribute at least one kilogram of heroin, in violation of § 841(a)(1), (b)(1)(A)(i), and 18 U.S.C. § 2.  In his § 2255 motion, Rivera argued, inter alia, that his counsel provided ineffective assistance by failing to object to the admission of evidence of his prior conviction for conspiring to possess with intent to distribute cocaine base.  We granted a certificate of appealability on the following question: "Did the District Court err in denying Mr. Rivera's claim that trial counsel was ineffective for failing to object to the admission of his prior conviction?"[1]  Upon review,[2] we answer this question in the negative and affirm the district court's denial of Rivera's petition.

Under Federal Rule of Evidence 404(b), evidence of a prior conviction "is not admissible to prove a person's character in order to show on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, the evidence may be admissible if it is relevant to other material issues such as intent.  *See* Fed. R. Evid. 404(b)(2).  Under our three-part test for the admissibility of extrinsic evidence under Rule 404(b), evidence of

---

[1] Our review "is limited to the issues specified in the [certificate of appealability]." *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  Consequently, we do not consider Rivera's arguments that go beyond the scope of the certified question.

[2] "Whether counsel rendered ineffective assistance is a mixed question of law and fact that we review *de novo*." *Hagins v. United States*, 267 F.3d 1202, 1204 (11th Cir. 2001).

Rivera's prior conviction was admissible. *See United States v. Calderon*, 127 F.3d 1314, 1330 (11th Cir. 1997) (asking whether the evidence under review (1) is "relevant to an issue other than the defendant's character," (2) is "sufficient to support a finding that the defendant actually committed the extrinsic act," and (3) has "probative value [that is not] substantially outweighed by unfair prejudice." (internal quotation marks omitted)).  First, Rivera's prior drug trafficking conviction is highly probative of his intent to distribute the drugs involved in the instant case, *see, e.g.*, *id.* at 1331; *United States v. Cardenas*, 895 F.2d 1338, 1343-44 (11th Cir. 1990), and Rivera's intent was at issue in his trial, *see Cardenas*, 895 F.2d. at 1342.  Second, Rivera's conviction is clearly sufficient to support a finding that he actually committed the prior act.  *See Calderon*, 127 F.3d at 1332.  Third, whatever prejudice evidence of Rivera's prior conviction might have caused was ameliorated by the district court's limiting instruction such that under the circumstances the possibility of prejudice did not substantially outweigh the evidence's probative value.  *See id.* at 1333; *Cardenas*, 895 F.2d at 1345.  Thus, evidence of Rivera's prior conviction was admissible under Rule 404(b).

In light of this conclusion, Rivera's ineffective-assistance claim based on his counsel's failure to object to the admission of evidence concerning his prior conviction fails, because the failure to object to this admissible evidence did not "f[a]ll below an objective standard of reasonableness in light of prevailing

3

professional norms." *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation marks omitted).  Moreover, given the likelihood the district court would have admitted the evidence of Rivera's prior conviction over any objection his counsel might have made, Rivera cannot establish any prejudice arising from counsel's failure to object.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  That two of Rivera's codefendants testified that he participated in a scheme to distribute the heroin at issue further diminishes the possibility the jury in his trial would have reached a different result had Rivera's counsel objected to the admission of the evidence in question.

Accordingly, as to the certified question on appeal, Rivera has failed to carry his burden to establish ineffective assistance under *Strickland*, and the district court did not err in denying his petition.[3]

**AFFIRMED.**

---

[3] We do not consider whether the government failed to provide reasonable notice under Rule 404(b) because Rivera did not raise this argument in his initial brief on appeal and has therefore abandoned it.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

4