[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12270

_____

D.C. Docket Nos. 0:17-cv-60432-BB,
0:14-cr-60103-BB-1

BRANDON MEDINA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2019)

Before ROSENBAUM, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Brandon Medina appeals the district court's denial of his motion to vacate

his sentence brought pursuant to 28 U.S.C. § 2255.  The district court granted a

certificate of appealability ("COA"), which this Court clarifies and expands to whether Medina received ineffective assistance of trial counsel in his criminal proceedings.  After review and with the benefit of oral argument, we vacate and remand in part based on the condition set forth below and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

### A.  Offense Conduct

By way of background, in May 2014, while investigating a heroin overdose in Hollywood, Florida, Detective Christopher Mazzola of the Broward County Sheriff's Office learned that a Hispanic male named Brandon was selling heroin in the area.  Detective Mazzola later identified the house from which the heroin sales had taken place.  Detective Mazzola spoke with the owner of the house, McKenzie Israel, who said that Medina rented a bedroom from him.  Israel subsequently gave the officers permission to search the home's common areas.

Before entering the residence, Detective Mazzola had noticed plastic baggies in the front yard, one of which field tested positive for cocaine residue.  Then on the kitchen table inside the house, Detective Mazzola saw numerous items typically used to repackage narcotics for resale, including two scales, a knife, razor blades, a glass dish, plastic gloves, and 40 clear plastic baggies.  On the table,

2

Detective Mazzola also noticed marijuana residue and a brown powder, which he believed to be heroin.

While in the common area, Detective Mazzola could see into Medina's bedroom, as the bedroom door was open. From his vantage point, Detective Mazzola saw a bag of marijuana and several other plastic bags on a nightstand in the bedroom. At that time, Medina and his girlfriend, Yasmin Garcia, were asleep on the bed.

Detective Mazzola entered the bedroom, woke up Medina and Garcia, and then removed them from the house. Outside, a detective patted down Medina and found a vial containing crack cocaine. Medina told the officer that he carried crack, but said that the drugs inside the house were not his. At that point, the officers went to secure a search warrant for the entire residence.

After obtaining the warrant, the officers searched Medina's bedroom and found, among other things: 80 baggies of drugs that field tested positive for heroin, a .38 caliber revolver and multiple rounds of ammunition, a ledger documenting narcotic sales, money, a credit card in Medina's name, and a number of Xanax bars. In further investigating the case, the officers secured video statements from Medina's best friend and his girlfriend, Garcia, both of whom told police that Medina sold drugs from inside his bedroom in the house and that the drugs and gun seized by the police belonged to Medina. In addition, the officers had a video

3

recording of Medina smoking marijuana and showing off a bunch of heroin and money, while bragging that everything belonged to him and proclaiming, "Brandon Medina, get to know me."

## B.  Trial and Sentencing

Medina was arrested and charged by superseding indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g) (Count 1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2), and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a) (Count 3).

Following his arrest, Medina met several times with his court-appointed attorney, Michael Spivack.  As relevant here, attorney Spivack advised Medina that, if he was convicted on the three instant charges, he likely would be subject to an enhanced sentence as a career offender under the Sentencing Guidelines. Attorney Spivack explained that, as a career offender, even if Medina pled guilty, he would be sentenced to between 21 and 27 years' imprisonment (based on a career offender range of 262 to 327 months).  And if Medina went to trial and was convicted, he would, as a career offender, be sentenced to 360 months to life in prison.  According to Medina, attorney Spivack recommended that he take his chances at trial.

4

Because Medina was not willing to plead guilty and be sentenced as a career offender to over 20 years in prison, he decided to go to trial.  After the district court denied his pre-trial suppression motion, Medina proceeded to trial and the jury found him guilty on all three counts.

As it turned out, however, Medina did not qualify as a career offender under the Sentencing Guidelines.  Therefore, Medina's sentencing range was significantly lower than what attorney Spivack had advised him.  Specifically, without the career offender enhancement, Medina's advisory guidelines range was 51 to 63 months' imprisonment as to Counts 1 and 3 (the felon-in-possession and drug counts), plus a mandatory consecutive term of 60 months as to Count 2 (the § 924(c) count).

After the trial and at the sentencing hearing, the district court even sentenced Medina to the low end of that advisory guidelines range—that is, to concurrent 51-month terms on Counts 1 and 3, and the mandatory consecutive term of 60 months as to Count 2, for a total 111 months' imprisonment.  At sentencing, Medina did not receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 of the Sentencing Guidelines because Medina went to trial and challenged his guilt.  On appeal, among other things, Medina challenged the denial of his motion to suppress evidence found during the officers' entry into his rented bedroom in Israel's house.  See United States v. Medina, 631 F. App'x 682, 683

5

(11th Cir. 2015) (unpublished).  This Court ultimately affirmed Medina's convictions, concluding inter alia that the officers were lawfully inside Israel's entire house and also had prior information and a reasonable basis to perform a protective sweep of Medina's bedroom.  Id. at 684-86.

## C.  Section 2255 Motion

In 2017, Medina filed a pro se motion to vacate under 28 U.S.C. § 2255 asserting one claim: that trial counsel was ineffective for incorrectly explaining to Medina how the Sentencing Guidelines would apply to his case.  Specifically, Medina contended that attorney Spivack erroneously advised him that he would be sentenced as a career offender, which resulted in a 17-point miscalculation of his offense level and "caused him to proceed to trial rather than enter a plea of guilty conditionally, reserving the right to appeal the adverse ruling of his suppression [motion]."  Medina submitted that, absent counsel's bad advice, he would have pled guilty and received a three-level reduction for acceptance of responsibility. And correctly calculated with the acceptance-of-responsibility reduction, Medina's actual advisory guidelines range following a guilty plea would have been only 37 to 46 months for Counts 1 and 3, followed by the same mandatory consecutive 60 months for Count 2.  Medina alleged that his advisory guidelines range if he had pled guilty would have resulted in the district court imposing a sentence of 37

6

months on Counts 1 and 3 concurrently, rather than the 51 months concurrently that he actually received.

After the district court appointed Medina counsel, a magistrate judge held an evidentiary hearing on his ineffective assistance of counsel claim during which both Medina and attorney Spivack testified. Of note, Medina testified that, but for attorney Spivack's erroneous advice, he would have entered an open guilty plea to the three charges. Medina said the only reason he was unwilling to plead guilty was because he believed that a guilty plea guaranteed he would be sentenced to more than 20 years in prison.

The government cross-examined Medina about the reference in his pro se § 2255 motion that he would have taken a "conditional plea." Medina then explained that a jailhouse lawyer told him to include that term, he did not understand what it meant, and "conditional" was not the right term for the type of guilty plea he would have entered into had he been advised properly as to his sentencing exposure. Rather, Medina reaffirmed that, had Spivack advised Medina of his correct guidelines range, he would have pled guilty to the three charges and not gone to trial given the overwhelming evidence of his guilt.

Following the evidentiary hearing, the magistrate judge concluded that Medina had established both deficient performance and prejudice and entered a report and recommendation ("R&R") proposing that the district court grant

7

Medina's § 2255 motion.  More particularly, the magistrate judge made the following findings as to Medina's ineffective assistance of counsel claim.  First, the magistrate judge found that there was no dispute that attorney Spivack advised Medina that he could enter an open guilty plea without the benefit of a plea agreement and have his offense level reduced by three points for acceptance of responsibility.  Thus, the magistrate judge determined that the disputed issue was whether attorney Spivack erroneously advised Medina that he would be sentenced as a career offender and receive a sentence over 20 years and failed to correct that error prior to trial, and whether Medina was prejudiced by such an error.

Addressing the issue as framed, the magistrate judge then found (1) that attorney Spivack initially told Medina that he qualified as a career offender, which meant he would be sentenced to more than 20 years in prison if he pled guilty, (2) that before trial, however, attorney Spivack discovered that Medina did not qualify as a career offender, and (3) that Medina's testimony that attorney Spivack never told him before trial that he was not a career offender was "unrebutted."

Turning to the question of prejudice, the magistrate judge assessed whether Medina established that, but for counsel's erroneous advice, he would have pled "straight up" to the indictment in order to gain the three-level reduction for timely acceptance of responsibility.  The magistrate judge found it was "unrebutted" that Medina testified that, had attorney Spivack told him prior to trial that he would not

8

be sentenced as a career offender, Medina would have entered an "open plea" of guilty to the indictment in order to gain the three-level reduction for timely acceptance of responsibility.[1]  As to whether any objective evidence corroborated this specific testimony, the magistrate judge acknowledged that Medina maintained his innocence at trial, but deemed significant that the government's evidence against Medina was so overwhelming that no rational person would have proceeded to trial.  The magistrate judge therefore determined that Medina had shown prejudice.  In so concluding, the magistrate judge necessarily found credible Medina's testimony that, but for counsel's errors, he would have pled guilty and not gone to trial.

The district court did not hold a separate evidentiary hearing on Medina's § 2255 motion.  Rather, the district court adopted the findings of fact in the R&R, including that (1) attorney Spivack's performance was deficient because, prior to trial, he did not advise Medina that he was not a career offender, and (2) had Medina been properly informed that he was not a career offender prior to trial, Medina would have entered an open plea of guilty to the indictment and not gone to trial.  Nevertheless, as to whether Medina's sentence would be less severe had

---

[1]The magistrate judge used the terms "straight up" plea of guilty and "open plea" of guilty.  Taken in context, it is clear the magistrate judge accepted Medina's unrebutted testimony that his plea was not meant to be conditional or meant to preserve his right to appeal his motion to suppress.

he pled guilty, the district court concluded that it was too speculative to say that Medina would have received the three-level reduction for acceptance of responsibility and in turn a lower sentence.

In support of this conclusion, the district court stressed that Medina stated in his pro se § 2255 motion that he would have entered a "conditional" guilty plea to reserve the right to appeal the denial of his motion to suppress and a "conditional" guilty plea would not have earned him the three-level reduction for acceptance of responsibility.  The district court also emphasized that, in evaluating whether the three-level reduction would apply to Medina, the sentencing court "would appropriately consider whether the defendant truthfully admitted the conduct comprising the offense of conviction, including any relevant conduct."  On that point, the district court found it "highly doubtful" that the sentencing judge or the government would award Medina with an acceptance-of-responsibility reduction given that Medina had challenged his guilt by filing a motion to suppress and maintained his innocence throughout his direct appeal.  Therefore, even "accepting the magistrate's conclusion that counsel's performance was deficient and that [Medina] was prejudiced because he lost the opportunity to enter a plea of guilty directly to the Court, there can be no showing that the sentence would have been less severe than the actual judgment and sentence imposed."  The district court denied Medina's § 2255 motion on this basis.

10

The district court, however, granted Medina's request for a COA to appeal the denial of his § 2255 motion.[2]  This is Medina's appeal.

## II.  STANDARD OF REVIEW

In reviewing a district court's denial of a motion under 28 U.S.C. § 2255, this Court evaluates legal conclusions de novo and factual determinations for clear error.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  We review de novo whether counsel rendered ineffective assistance, as it is a mixed question of law and fact.  Hagins v. United States, 267 F.3d 1202, 1204 (11th Cir. 2001).

"Whether the district court may wholly reject a magistrate judge's credibility findings without rehearing witness testimony is an issue of law which we review de novo."  United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001).  And subject to an exception not applicable here, a district court must rehear disputed testimony before rejecting a magistrate judge's credibility determinations.  Id. at 1306; see also Louis v. Blackburn, 630 F.2d 1105, 1109 (5th Cir. 1980) ("One of the most important principles in our judicial system is the deference given to the finder of fact who hears the live testimony of witnesses because of his opportunity to judge the credibility of those witnesses.").

---

[2]The district court granted Medina a COA on the following issue: "whether a finding of a lack of prejudice is proper where the Court rejects the magistrate judge's legal conclusion of prejudice and determines, based upon the record, that the result of the proceeding would not have been different."

11

### III.  DISCUSSION

In evaluating Medina's ineffective assistance of counsel claim, we look to the framework established by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Under Strickland, Medina was required to show: (1) that counsel's performance was deficient; and (2) that his attorney's deficient performance prejudiced him.  Id. at 687, 104 S. Ct. at 2064.  On appeal, the government does not challenge the district court's conclusion that attorney Spivack's performance was deficient.  Thus, the only issue for us to resolve is whether Medina has demonstrated the requisite prejudice for his ineffective assistance of counsel claim.

The Supreme Court has explained that, when the prejudice alleged is the defendant proceeding to trial instead of pleading guilty, a criminal defendant must show a reasonable probability that, but for his counsel's errors: (1) a plea offer would have been presented to the court; (2) the court would have accepted it; and (3) the defendant's conviction, sentence, or both would have been less severe under the offer's terms than it was under the judgment and sentence that he actually received.  Lafler v. Cooper, 566 U.S. 156, 163-64, 132 S. Ct. 1376, 1385 (2012); see also Missouri v. Frye, 566 U.S. 134, 149-50, 132 S. Ct. 1399, 1410-11 (2012) (stating that a defendant whose counsel failed to communicate a plea offer to him "must show not only a reasonable probability that he would have accepted

12

the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court").

Here, because Medina claims he would have entered an open plea of guilty to all three charges in the indictment, he must show a reasonable probability that he would have pled guilty, the district court would have accepted his guilty plea, and, in turn, that his sentence would have been less severe had he pled guilty than the sentence he actually received.  See Lafler, 566 U.S. at 163-64, 132 S. Ct. at 1385. We note that Medina's guidelines range was 51 to 63 months, and he was sentenced to 51 months' imprisonment concurrently on Counts 1 and 3.  He therefore arguably received a sentence of 14 months greater than he would have received had he entered an open guilty plea to the indictment, received the three-level reduction for acceptance of responsibility, and thus had an advisory guidelines range of 37 to 46 months.

In his R&R, the magistrate judge ultimately concluded that the Lafler requirements were met and Medina demonstrated prejudice.  Nevertheless, the district court declined to accept the magistrate judge's prejudice recommendation. Rejecting that recommendation, the district court determined that Medina failed to demonstrate that he would have received a three-level reduction for acceptance of responsibility: (1) because Medina said in his pro se § 2255 motion that he would have entered a "conditional plea" of guilty;  and (2) because Medina maintained

13

his innocence throughout his direct appeal, which led the district court to conclude that Medina would not have truthfully admitted his criminal conduct in pleading guilty and therefore would not have received a reduction for acceptance of responsibility.  The problem with the district court's determination is that the magistrate judge already had found "unrebutted" and credible Medina's testimony that, prior to trial, he would have pled guilty "straight up" to all three charges in the indictment had counsel properly advised him on his sentencing range and in order to gain the acceptance-of-responsibility reduction.

Consequently, in concluding that Medina failed to show prejudice, the district court, in effect, rejected the magistrate judge's credibility determinations made after an evidentiary hearing, to wit: (1) the magistrate judge's crediting of Medina's testimony that he did not understand the meaning of  "conditional" plea when he filed his pro se § 2255 petition and used the term only because another prisoner told him to, and (2) the magistrate judge's crediting of Medina's testimony that had attorney Spivack advised him prior to trial that he would not be sentenced as a career offender, Medina would have entered an open plea of guilty to the indictment, not a conditional plea.  Indeed, the credible inference the magistrate judge necessarily drew from Medina's testimony is that Medina would have truthfully admitted his criminal conduct in pleading guilty and not maintained his innocence in order to gain the acceptance-of-responsibility reduction.

14

Because the district court rejected the magistrate judge's credibility determinations without holding its own evidentiary hearing, the court erred. See Louis, 630 F.2d at 1110 ("If the district judge doubts the credibility determination of the magistrate, only by hearing the testimony himself does he have an adequate basis on which to base his decision."). Indeed, we have long held that a district court errs in this respect by not only expressly rejecting a magistrate judge's credibility findings, but also by "accept[ing] the magistrate judge's decision as to . . . credibility, [but] then dr[awing] different inferences from" the testimony found to be credible. Id. at 1107-09.[3]

Ultimately, we do not find it necessary to remand the case to the district court so that it may hold its own evidentiary hearing on Medina's ineffective assistance of counsel claim. We will instead conditionally vacate Medina's sentence based on his representations that he will enter an unconditional guilty plea to the three charges in the superseding indictment and remand the case for

---

[3]On appeal, the government argues that we should affirm the district court's denial of Medina's § 2255 motion because there is no contemporaneous evidence corroborating Medina's post-hoc claim that he would have pled guilty but for counsel's errors. We agree that there must be such corroboration, but the record contains it. Indeed, as the magistrate judge found, "the government seemed to have [Medina] dead to rights" and no "rational defendant would have proceeded to trial" faced with such overwhelming evidence. See Lee v. United States, 582 U.S. __, __, 137 S. Ct. 1958, 1966 (2017) ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one."). Moreover, when shown some of that damning evidence prior to trial, Medina asked his attorney about the possibility of pleading guilty because he "knew that there was no way that [he] could win at trial." That avenue was not pursued only because Medina was misinformed that he would receive more than 20 years in prison if he pled guilty.

resentencing after Medina's guilty plea to all three charges.  Further, we point out that if counsel's deficient performance had not occurred here, Medina would have pled guilty and his claims of innocence at trial and on direct appeal would not have occurred either.  Thus, if Medina enters an unconditional guilty plea to the three charges, he should be resentenced as if he pled guilty ab initio.  However, if Medina does not enter an unconditional guilty plea within 60 days, his current sentence is affirmed.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**