[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17369
Non-Argument Calendar

_____

D.C. Docket No. 2:91-cr-14013-FAM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO JENNINGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2017)

Before ED CARNES, Chief Judge, HULL, and WILSON, Circuit Judges.

PER CURIAM:

After a jury trial, Lorenzo Jennings was convicted of three drug offenses in violation of 21 U.S.C. § 841(a)(1) and § 846.  The district court sentenced him to a total of 360 months imprisonment followed by 60 months supervised release.  He was twice granted sentence relief under 18 U.S.C. § 3582(c) and, as a result, began his period of supervised release in December 2011.  About six months before his supervised release period was to end, Jennings' probation officer petitioned the district court to order his arrest and revoke his supervised release.  The petition alleged that Jennings had violated the terms of his release by committing battery, false imprisonment, and solicitation and engagement of a prostitute.

The district court designated a magistrate judge to conduct a supervised release revocation hearing and submit a report and recommendation.  Jennings neither consented nor objected to that designation.  After the hearing, the magistrate judge issued a report recommending that the district court find that Jennings had violated his supervised release.  Jennings objected to the report and requested that the district court "conduct a <u>de novo</u> hearing in this matter to evaluate the credibility of the complaining witness."  He did not object on the basis that the magistrate judge lacked the legal authority to conduct the hearing.  The district court conducted a <u>de novo</u> review of the record, heard oral argument from the parties, adopted the magistrate judge's report, and sentenced Jennings to 60 months imprisonment.  This is his appeal.

2

Jennings now contends that the district court impermissibly designated the magistrate judge to conduct the revocation hearing. He argues that 18 U.S.C. § 3401(i) requires a district court to obtain a defendant's consent before designating a magistrate judge to conduct a supervised release revocation hearing. That interpretation, Jennings asserts, is necessary to avoid "Article III and due process problems."

Section § 3401(i) provides:

> A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title.

18 U.S.C. § 3401(i). Jennings' contention is, at bottom, a challenge to the magistrate judge's legal authority to conduct his supervised release revocation hearing. We ordinarily review de novo challenges to the legal authority of a magistrate judge. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). "Because [Jennings] did not raise his challenge to the magistrate judge's authority in the district court, however, we review it only for plain error." United States v. Schultz, 565 F.3d 1353, 1356 (11th Cir. 2009).

"We will reverse a district court's decision under the plain error rule only if there is: (1) error, (2) that is plain, and (3) that affects substantial rights, and if (4) the error seriously affects the fairness, integrity, or public reputation of judicial

3

proceedings." United States v. Doyle, 857 F.3d 1115, 1118 (11th Cir. 2017) (quotation marks omitted). An error is plain only if it is "obvious or clear under current law." United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006). "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error." Id.

Neither the Supreme Court nor this Court has decided whether § 3401(i) requires a district court to obtain a defendant's consent before designating a magistrate judge to conduct a supervised release revocation hearing. See United States v. Ruiz-Rodriguez, 277 F.3d 1281, 1286 n.9 (11th Cir. 2002) (noting that we have not yet addressed whether a defendant must consent to a designation under § 3401(i)).[1] And our sister circuits are split on whether § 3401(i) requires a district court to obtain a defendant's consent before designating a magistrate judge to conduct a supervised release revocation hearing. Compare United States v. Waters, 158 F.3d 933, 939 (6th Cir. 1998) (consent not required), with United States v. Colacurcio, 84 F.3d 326, 332 (9th Cir. 1996) (consent required). As a

---

[1] Jennings argues that the Ruiz-Rodriguez decision "intimated that the defendant's consent should be required" for a designation under § 3401(i). It did not. We held that a defendant must consent to a magistrate judge conducting a sentencing hearing. Ruiz-Rodriguez, 277 F.3d at 1291. A sentencing hearing is not a supervised release revocation hearing: the former is "undoubtedly a critical stage in a criminal proceeding," id., while the latter is not a "criminal prosecution," much less a critical stage in a criminal proceeding. See United States v. Cunningham, 607 F.3d 1264, 1267–68 (11th Cir. 2010). That distinction matters because a defendant in a revocation hearing "already stands convicted of a crime," id., and, as a result, is owed only "certain minimal due process requirements" — not the gamut of protections that attend a sentencing hearing, U.S. v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). In any event, Jennings' perceived intimations are at best dicta, which "is not binding on anyone for any purpose." Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010).

result, even if Jennings is correct and the district court did err by failing to obtain his consent before designating a magistrate judge to conduct his supervised release revocation hearing, that error was not plain error.  See Williams, 469 F.3d at 966.

In the alternative, Jennings contends that if § 3401(i) permits a district court to designate a magistrate judge to conduct a supervised release revocation hearing without a defendant's consent, that provision is unconstitutional because Article III prohibits "a non-Article III judge [from] mak[ing] a credibility finding that directly determines guilt for a non-petty offense [that] expose[s] a person to a substantial prison term."  Although we normally review de novo a challenge to the constitutionality of a statute, plain error review applies because Jennings raises this contention for the first time on appeal.  United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).  Because there is no binding precedent holding § 3401(i) unconstitutional, the district court's purported error is not "obvious or clear under current law," and so it cannot be plain.  See Williams, 469 F.3d at 966.

**AFFIRMED.**